(11 App. Div. 220.)

### In re LANGDON'S ESTATE.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

**1. TAXATION—TRANSFER TAX—CONTINGENT REMAINDERS.**

A contingent remainder is not taxable where it was created by a will which took effect before, though the remainder vested after, the passage of Laws 1892, c. 399, § 1, taxing certain transfers as of the time when the transferee becomes beneficially entitled to the property in possession or expectancy, whether the transfer was made before or after the passage of the act.

**2. WILLS—REMAINDERS—WHEN RIGHT OF SUCCESSION PASSES.**

A testatrix devised to her husband the use and enjoyment of her estate for life, with power to dispose of it by conveyance or will, and, failing such disposition by the husband, the remainder to pass on his death to certain legatees. The husband died, leaving a will providing that his wife's estate should be

kept separate and disposed of according to her will. *Held*, that the remainder passed by the wife's will.

**3. SAME—REPUGNANCY.**

In such case the remainder is not repugnant to the devise to the husband.

Appeal from surrogate's court, Dutchess county.

Appraisal under the transfer tax law of the estate of Catherine L. Langdon, deceased, and assessment of the transfer tax thereon. From a decree vacating an appraisal and assessment, the county treasurer appeals. Affirmed.

The opinion of Surrogate DORLAND is as follows:

On January 17, 1896, the court made an order and decree confirming the report of the appraiser herein, and fixing the market value of the property mentioned and described in said report, which it was claimed was subject to the payment of the tax imposed by law in relation to the taxable transfer of property, at the sum of $296,100. The testatrix died December 25, 1883, and her will was admitted to probate June 25, 1884, and gave to her husband the right to use during his life and to dispose of her estate at his pleasure, if any remained, by his last will and testament. The will further provided that no disposition of principal or income of her estate which might be made by her husband, Walter Langdon, during his life or by his will, should be questioned, but that whatever principal of her estate should at his decease remain, and should not be in the manner aforesaid disposed of by him, should not pass to his heirs at law or personal representatives as such, but should be governed by the provisions of the fifth, sixth, and seventh articles of her will. Walter Langdon, husband of the testatrix, died in September, 1894, having used and disposed of a considerable part of the testatrix's estate. The second clause of his will provides as follows: "I direct my executors to keep the estate of my deceased wife separate from my estate, and to distribute her estate according to the provisions of her last will and testament, by delivering the same to the executors named in her will for that purpose." The property which has been appraised, and upon which the tax has been assessed, is that which remained of her estate at the time of the decease of Walter Langdon, and is the property which has been delivered by the executors of Walter Langdon to the executor of the estate of the testatrix, in pursuance of the above provision; and the legatees who take the estate upon which the tax has been assessed are the persons to whom it is given by the fifth, sixth, and seventh clauses of the will of the testatrix. From the order and decree of the surrogate confirming said report, and fixing the tax, the executor of Catherine L. Langdon and the legatees aforesaid appealed, upon the ground that the estate is not taxable under the transfer tax act, because the estate was actually transferred before the enactment of the inheritance tax law.

In assessing this tax, the rule laid down in Talmadge v. Seaman, 85 Hun, 242, 32 N. Y. Supp. 906, was followed. In this case the court held that an estate is liable to the tax when the legatees become entitled to the possession of the legacy after the passage of the inheritance tax law, although the will took effect before the act was passed. The court of appeals (147 N. Y. 69, 41 N. E. 401) has since reversed the general term in the case cited, holding that, although possession does not pass until the death of a life tenant, the transfer or succession takes place at the death of the testator, and, if that occurs before the enactment of the statute, the remainder is not taxable. The Seaman Case, 147 N. Y. 69, 41 N. E. 401, disposes of the question in this case, and the estate is not liable for the tax.

Counsel for the state has ably argued that there is some question as to whether the legatees took vested or contingent interests, and that this case is distinguished from the Seaman Case in that respect. It appears that this estate passed by the will of the testatrix, and that the will took effect at her death: and, as is said by Judge Finch (page 75, 147 N. Y., and page 402, 41 N. E.), "the right of succession passed then, or never." It is true that it could not ripen into possession or enjoyment until the death of Walter Langdon, and it could be entirely defeated by the power given to him if he chose to exercise it. The question whether the estate is liable to the tax depends upon the time when the right of succession passes, and not upon the time when the legatee becomes entitled to the possession or enjoyment of the estate.

It is also urged that, by the terms of the will, Walter Langdon took the estate

absolutely; and that the property upon which the tax has been assessed is his estate, and passed by his will; and, also, that the gift of the remainder over by the testatrix is void for repugnance. The gift of the remainder over is valid, and what remained at the decease of her husband belonged to her estate, and passed by her will. The intent that this should be so, clearly appears from the respective wills, and to hold otherwise would be to disregard the intent of each of them. Crozier v. Bray, 120 N. Y. 367, 24 N. E. 712; Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950. The will of Walter Langdon treats the property in question as his deceased wife's estate, to be kept separate from his estate, and to be distributed according to the provisions of her will.

Decree and order confirming appraiser's report, and fixing tax, reversed, and proceedings dismissed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Wilkinson & Cossum, for appellant.
Allison Butts and Hackett & Williams, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, upon the opinion of the surrogate. All concur.