---

(63 App. Div. 283.)

### In re SEAVER'S WILL.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. TRANSFER TAX—APPOINTMENT—EXERCISE.

The transfer tax law (section 220) imposes a tax on transfer of property by will of the value of $500. Section 221 excepts from such tax property passing by such transfer to a son, unless it is personal property of the value of $10,000, or more. Section 220 also provides that the exercise of a power of appointment shall be deemed a transfer. Decedent left the income of a fund to his brother's widow, with power of appointment by will, which she exercised in favor of her son. On her death the fund was appraised at less than $10,000. *Held* that, for purposes of taxation, it was to be regarded as passing from the mother to the son, and was therefore exempted from taxation by section 221.

2. SAME—ASSESSMENT—JURISDICTION.

Under the transfer tax law (section 229), giving the surrogate having jurisdiction to grant letters testamentary on the estate of a decedent chargeable with the tax jurisdiction to determine all questions relative thereto, the surrogate of the county where the widow died had jurisdiction, and not the surrogate of the county where decedent died.

Appeal from surrogate's court, Westchester county.

Proceedings by the state comptroller for the appointment of an appraiser to assess the value of certain funds over which Olive M. Seaver exercised a power of appointment, conferred by the will of William A. Seaver, deceased. From a decree of the surrogate holding that he had no jurisdiction, the comptroller appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Frank M. Buck, for appellant.

William E. Carnochan (Herbert Parsons, on the brief), for respondent the Metropolitan Trust Company.

Charles Newton, for respondent Seaver.

GOODRICH, P. J. William A. Seaver died in 1883, leaving a will, which was admitted to probate by the surrogate of Westchester county, who issued letters testamentary thereunder to the

Metropolitan Trust Company. The will contained the following provision:

"Eleventh. It is also my will, and I, William A. Seaver, direct my executors, to apply to the use of Olive M. Seaver, widow of my brother, Lucas Seaver, during her life, the interest or income of ten thousand dollars, which sum of ten thousand dollars must be set apart for the object stated, as hereinafter directed; and I give to the said Olive M. Seaver the absolute power of disposing, giving, and bequeathing the said sum of ten thousand dollars by last will and testament in such manner as she may think proper."

Olive died in 1899, being at the time a resident of Erie county. She left a will, in which she exercised the said power of appointment in favor of her son, Luke. The will was admitted to probate by the surrogate of Erie county, and in proceedings before him, at which the comptroller appeared, the fund was appraised at less than $10,000, and paid over to Luke. The decree contained a clause:

"It appearing from the appraiser's report that the value of the personal property is under ten thousand ($10,000), and within the exceptions and limitations, I find that the estate is not taxable."

Subsequently the state comptroller instituted the present proceeding before the surrogate of Westchester county, asking the appointment of a transfer tax appraiser to assess and fix the value of said transfer and the tax thereon. An appraiser was appointed, who reported that the title to the fund passed directly from the testator, William A. Seaver, to Luke, a nephew, and, as the fund was more than $500, that a transfer tax was due, under section 220, c. 284, Laws 1897. On appeal the surrogate reversed the award, holding that he had no jurisdiction, on the ground that the surrogate's court of Erie county was the only court having jurisdiction of the proceedings. From that decree the comptroller appeals.

Thus we have two questions presented for our decision—First, whether, for the purposes and within the meaning of section 220, the title passed under the will, instead of under the power; and, second, whether the decree of the surrogate of the county of Erie is res adjudicata upon the people.

Section 220, c. 284, of the tax law provides that:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which said appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

The words clearly imply that the transfer tax is due upon and by reason of the exercise of the appointment, and when and where it is made. I do not mean to intimate that the actual title to the fund for other than taxing purposes was derived from the mother. The contrary proposition is true. But section 220 explicitly declares that it is the exercise, and not the creation, of a power of appointment which effects the transfer upon which the tax is enforced. Hence the fund must, for taxing purposes, be regarded as having passed from mother to son, and the case is governed by section 221, and not by section 220. This is the rule laid down in

71 N.Y.S.—35

Re Vanderbilt's Estate, 163 N. Y. 597, 57 N. E. 1127; in Re Dows' Estate, 167 N. Y. 227, 60 N. E. 439; in Re Potter's Estate, 51 App. Div. 212, 64 N. Y. Supp. 1013.

Secondly. The surrogate of Erie county had jurisdiction of the subject-matter, under section 229 of the tax law, and his decree is conclusive against the comptroller, who appeared and participated in the proceedings.

For both or either reason thus stated, the decree of the surrogate should be affirmed, with costs to each respondent. All concur.