other matters, as, for the error stated, the judgment should be reversed.

Judgment of the Nassau county court reversed, and new trial granted; costs to abide the event. All concur.

---

### In re WALWORTH'S ESTATE.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

TAXATION—TRANSFER TAXES—POWERS.

    Laws 1892, c. 399, § 1, subd. 3, provides that the transfer tax on property shall be at the rate of 5 per cent. on the clear market value of such property, except as otherwise prescribed in the next section; and section 2 prescribes that, when property passes by transfer to any lineal descendant, such transfer shall not be taxable under this act unless it is personal property of the value of $10,000, in which case it shall be taxed at the rate of 1 per cent. Laws 1897, c. 284, § 220, amending the tax law, makes the exercise of a power of appointment derived from any disposition of property made either before or after the passage of this act a transfer taxable in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will. *Held*, that the exercise of a power of appointment, after the enactment of the law of 1897, by a devise to lineal descendants of the donor, who were collateral heirs of the donee, was a transfer which should be taxed at the rate of 5 per cent. on the market value of the property, and not at the rate of 1 per cent.

    Smith, J., dissenting.

Appeal from order of surrogate, Saratoga county.

In the matter of the appraisal of the estate of Reuben H. Walworth, deceased, relating to the taxing of transfers. From the decree of the surrogate assessing the tax at the rate of 1 per cent., Bartlett B. Grippen, county treasurer of Saratoga county, appeals. Decree modified and affirmed.

On the 28th day of November, 1867, Reuben H. Walworth died, leaving a last will and testament, which was duly admitted to probate in the county of Saratoga on the 24th day of February, 1868, by which will he gave certain property, real and personal, to his son, Clarence A. Walworth, for life, with power of appointment, limited to the extent that the same should be exercised only in favor of descendants of the said Reuben H. Walworth. The said Clarence A. Walworth died on the 19th day of September, 1900, leaving a last will and testament, which was duly admitted to probate in the county of Albany on the 27th day of November, 1900. By said will of Clarence A. Walworth he exercised the said power of appointment granted to him by the said Reuben H. Walworth in favor of a nephew and two nieces of Clarence A. Walworth, who are lineal descendants of the said Reuben H. Walworth. The appraiser appointed pursuant to the tax law reported that the fund which passed into the possession of the executors of said Clarence A. Walworth, deceased, for distribution to the said appointees under his will, was of the fair market value of $78,030.75. The surrogate forthwith entered a decree determining the cash value of the fund so transferred to be the amount so found by the appraiser, and fixed the tax thereupon at the sum of $780.30, being 1 per cent. of the fund transferred. The appellant contends that the tax should have been fixed at the rate of 5 per cent. on the fund so transferred, instead of 1 per cent. No question is made as to the jurisdiction of the surrogate of Saratoga county, and the only question

presented on this appeal is as to the amount which should be paid on such fund under the present tax law.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Charles B. Templeton, for appellant.
Frederick Townsend, for respondents.

CHASE, J.  By chapter 483 of the Laws of 1885, relating to the taxation of gifts, legacies, and collateral inheritances, lineal descendants were wholly exempt from its provisions.  By chapter 215 of the Laws of 1891, lineal descendants were included in certain cases.  The prior acts relating thereto were repealed by chapter 399 of the Laws of 1892.  The act of 1892 provided:

"Section 1. Taxable Transfers.  *  *  *  (3)  *  *  *  Such tax shall be at the rate of five per cent. upon the clear market value of such property except as otherwise prescribed in the next section.

"Sec. 2. Exceptions and Limitations.  When the property or any beneficial interest therein passes by any such transfer to or for the use of  *  *  *  or to any lineal descendant of such decedent, grantor, donor, or vendor,  *  *  *  such transfer of property shall not be taxable under this act, unless it is personal property of the value of ten thousand dollars or more, in which case it shall be taxable under this act at the rate of one per centum upon the clear market value of such property."

In cases where a decedent has given property to one person for life, with power of appointment in such person, and the owner of the life estate dies, having exercised the power of appointment, the decedent referred to in the statute quoted is the decedent creating the power.  The appointees under the power take by virtue of the will creating the power of appointment, and not by virtue of the will by which the power is exercised.  In re Harbeck, 161 N. Y. 211, 55 N. E. 850.  Under such statute it is necessary, in determining whether a tax should be assessed at all, and, if so, at what amount, to write the names of the appointees into the will of the decedent creating the power of appointment.  The right of succession vests not at the time of the execution of the power, but at the time the will creating the power goes into effect.  The tax law of 1896 did not materially change the statute of 1892, above quoted, but by chapter 284, Laws 1897, section 220 of the tax law is amended, and, as so amended, it provides:

"Sec. 220. Taxable Transfers.  *  *  *  (5) Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

This amendment of the statute makes every fund passing pursuant to a power of appointment derived from any disposition of property taxable, without reference to the time when the will or instrument creating the power went into effect, providing the same is taxable at the time of the execution of the power.  In re Harbeck, supra.  The respondents here claim that the only purpose of the change

in the statute is to increase the list of taxable transfers. In our opinion, the change created by the act of 1897 was clearly intended not alone to increase the.list of taxable transfers, but also to change the rule as stated in Re Harbeck, supra, and in many other cases. Under this act, instead of its now being necessary to read the names of the appointees into the will of the person creating the power, the tax should be fixed "as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will." The exercise of the power is by the statute made a transfer taxable under the act. The appellate division, Second department (In re Seaver, 63 App. Div. 283, 71 N. Y. Supp. 544), in construing section 220 of the tax law, has recently held, "The words clearly imply that the transfer tax is due upon and by reason of the exercise of the appointment." The plain language of the statute cannot be overlooked, even if a possible difficulty in enforcement might be encountered in case of two donees of the power of different relationship to the appointee. Such possible difficulty should be obviated by the legislature.

The decree of the surrogate is modified by fixing the tax at $3,-901.50, instead of $780.30, and, as so modified, affirmed, with costs to the appellant.

PARKER, C. J., and KELLOGG and EDWARDS, JJ., concur.

SMITH, J. (dissenting). I do not agree that the enactment of 1897 was intended to change the rate of taxation. Before that enactment, these legacies confessedly would have been taxed only 1 per cent., as determined by the learned surrogate. It had been held by the courts; however, that legacies obtained through appointment were not taxable unless the will creating the power of appointment became effective after the passage of the act of 1885. In re Stewart, 131 N. Y. 281, 30 N. E. 184, 14 L. R. A. 836; In re Langdon's Estate, 11 App. Div. 220, 43 N. Y. Supp. 419. See In re Harbeck, 161 N. Y. 211, 55 N. E. 850. To make taxable such legacies was, in my judgment, the sole object of this provision in the act of 1897.

This conclusion finds some support from the face of the statute. The statute provides for a disposal of property made "either before or after the passage of this act." Laws 1897, c. 284, § 5. In connection with the rule of interpretation as held by the court prior to the enactment of the statute, these words clearly signify that at least one object of the statute was to change the rule of law which had been theretofore held as to what legacies were taxable. This provision is placed among those specifying what legacies are taxable. It is not referred to among those provisions specifying the rate of taxation. Had it been intended to change the rate, one would expect to find after the words "in the same manner" the words "at the same rate." The statute provides for a power of appointment exercised "by a person or corporation." That such a power of appointment may be given to a corporation is unquestionable. Section 156, c. 689, Laws 1892. While the relationship of the beneficiary to the decedent is in the general statute made the basic element of the

tax rate, it is hard to believe that the legislature intended to consider the relationship of the beneficiary to a corporation. While this difficulty, however, is not wholly insurmountable under the reading of the statute, as thus construed the statute would be wholly impracticable of enforcement if there were two donees of the power of different relationship to the appointee. Suppose one of those donees were the father and another an uncle, what tax rate would then govern? That there may be two donees of a power was a fact in the mind of the legislature when this act was passed. See Real Property Law, § 146. The legislature will never be presumed to have intended to enact a statute thus impracticable. "It is presumed * * * that it intends its acts, and every part of them, to be valid, and capable of being carried into effect." Suth. St. Const. § 331.

Again, the subsequent portion of the subdivision in question reflects some light upon the interpretation to be given to the provision. By this subsequent portion it is provided that, in case the power be not exercised by the donee, nevertheless the person who takes in case of failure to exercise that power is to be taxed as though the property were received under the will of this donee at the time of the failure to exercise the power. If, perchance, one takes by inheritance from the donor upon a failure to exercise the power of appointment, can it be claimed that his rate of tax is to be determined by the relationship to the donee, who never exercised his power of appointment? Such is the logical result of the opinion of Justice CHASE. This provision, to my mind, only makes the more clear the intention of the legislature simply to make taxable a transfer obtained through the exercise or nonexercise of a power when that power was created before the passage of the tax law of 1885.

These considerations are re-enforced by the underlying principle of the statute by which the rate of tax is determined from the relationship between the beneficiary and the giver. This principle has greater significance because it accords with a universal sense of fairness. That the legislature intended to depart from this principle should be made clear. A donee in a power is a mere intermediary through whom the gift is made by the donor to the appointee. He surrenders nothing, and no reason is apparent why his relationship to the appointee should be substituted for the relationship of the giver, the donor of the power, in determining the rate at which such legacy should be taxed.