Testator devised his estate to his executors in trust, to pay the income to his wife for life, remainder, less certain bequests, to his nephew. A codicil gave to his wife the power to appoint $150,000 to any descendants of his father in such proportion as she might see fit. In case she should not exercise such power, then the estate to be distributed as originally provided in the will. *Held,* that in assessing the transfer tax against the nephew the sum over which the widow had power of appointment should be deducted.

In the matter of the transfer tax on the estate of Osgood Field, deceased.

Flamen B. Chandler, for executors.

Edward H. Fallows, for comptroller.

FITZGERALD, S. The report of the appraiser herein has been filed, and an order is now presented by the attorney for the executors, fixing the tax in accordance with his findings. By the provisions of his will the testator gave his residuary estate to his executors in trust, to pay the net income thereof to his wife during the term of her life. Upon her death, after numerous bequests of specific sums of money, the remainder was bequeathed to a nephew. By a codicil to his will, after reciting the provision for the benefit of his widow, he gives to his wife a power to appoint out of the remainder the sum of $150,000 to any descendant or descendants of testator's father, in such proportions as she may see fit. In case she shall not exercise this power of appointment, then the estate is to be distributed as if the codicil had not been executed. Before the appraiser no reference was made to this codicil and the power given thereunder. The appraiser reports the value of the remainder interest in the residuary estate after the death of the wife at the full sum, undiminished by the fund set apart by the codicil, and over which the widow is given a power of appointment. Section 220 of the tax law provides expressly for the taxation of property passing by virtue of the exercise of such a power, as well as where it passes by reason of a failure to appoint. The remainder interest over which this power is given must, therefore, be deducted from the share passing to the nephew, and the value of his interest calculated with reference to the provisions of the codicil. See In re Seaver, 63 App. Div. 284, 71 N. Y. Supp. 544. An order may be submitted remitting the proceeding to the appraiser to report in accordance with this memorandum.

Decreed accordingly.