Battle, J.
 

 The bill, which was filed by the plaintiff as the administrator
 
 cum testamento annexo
 
 of Margaret G. Hinton, deceased, wife of the defendant Joseph B. Hinton, propounds many questions about which it asks the advice of the court; but on the argument here only one of them has been pressed on our attention. It is, whether the property, real and personal, which the testatrix disposed of by her will, under the power conferred upon her by the deed of her sister, Sarah Stone, mentioned in the pleadings, is liable as assets for the payment of the debts of the decedent.
 

 We are decidedly of the opinion that it is.
 

 The power is undoubtedly what is called a general one. It directs the trustee, who is to hold the property for her sole and separate use during her life, to convey it “ as she may, by any paper writing executed by her'.in the nature of a deed or will, direct, although she may at the execution of said deed or will, or paper in the nature of either, be under
 
 *105
 
 coverture; and in case she die without making any conveyance of it,” then the trustee is to hold the personalty in trust for her personal representatives, and the realty for her heirs at law. That a power expressed in such terms is a general one is settled.
 
 Lord Townsend
 
 v.
 
 Windham,
 
 2 Ves. Sen., 1;
 
 Jenny
 
 v.
 
 Andrews,
 
 6 Madd., 264;
 
 Tomlinson
 
 v.
 
 Dighton,
 
 1 P. Wms, 149, 171.
 

 It is too plain for doubt, that the will of the testatrix is an execution of the power, for it expressly refers both to it and the property embraced in it; and furthermore, the will is proved as having been made in execution not only of that identical power, but of all others with which she was invested. In such a case it is a well established principle of equity in England that the property appointed shall form part of the assets of the appointor and be subject to the claims of his creditors in preference to the claims of the appointee. 4 Kent, 333. The reason for the doctrine is well expressed in an opinion delivered by Chief Justice
 
 Parker,
 
 of New Hampshire,-in the case of
 
 Johnson
 
 v.
 
 Cushing,
 
 15 N. H., 307. “ Where the owner of property, who has the right to dispose of it in su,ch manner and under such, limitations as he pleases, confers upon another the general power of making such disposition of it as
 
 lie
 
 pleases, or, in .other words, invests him with all the attributes of ownership over it, and that other accepts the power thus tendered to him and undertakes to exercise dominion over'the subject matter as if he was an ..owner; the original proprietor having authorized the other to treat it as if it was the property of the latter, by exercising all the power over it which he could exert if it were actually his property; and he having undertaken to treat it as if it was his property by making a disposition of it under such ’ a power, a Court of Equity may well do what the parties have done — that is, treat it as the property of the appointor and make it subject to the inch dents attending such property. The court in such case do
 
 *106
 
 no more than treat it as the property of the party, who, by the express authority of the owner, has the power and right to treat it as if it were his property, and who undertakes to do so.” If it be treated as the property of the appointor, it will of course be liable to his debts in preference to the claims of
 
 volunteers
 
 under his appointment.
 

 This principle of equity has been introduced into our system, and applied to the case oí a married woman exercising a power of appointment given to her over property settled to her sole and separate use during life. In
 
 Leigh
 
 v.
 
 Smith,
 
 3 Ire. Eq., 442, which was fully considered and decided, after arguments by very able counsel on both sides, it was held that the appointees under a will of property which a
 
 feme covert
 
 had a right under marriage articles to appoint to any person she might think proper, were trustees in the first instance for her creditors; and it was so held, though the will did not make any mention of her debts, or in any way attempt to provide for their payment.
 

 But it is said, by the counsel for the defendants, that this doctrine has been modified by the recent decisions of this court, and the cases of
 
 Felton
 
 v.
 
 Reid,
 
 7 Jon., 269, and
 
 Knox
 
 v.
 
 Jordan,
 
 5 Jon. Eq., 175, are relied upon to show that the separate estate of a man-ied woman is not liable to her debts or other personal engagements
 
 generally,
 
 but only where the debt is charged specifically upon the separate estate, with the concurrence of the trustee, if there be one. It will be seen at once that these latter cases apply to the debts sought to be charged upon the separate estate of a
 
 feme covert
 
 during her lile, and not to her debts claimed out of property which she had appointed under a power to others by a will, or a deed to take effect after her death.
 

 It is certain that the court, which decided the case of
 
 Leigh
 
 and
 
 Smith, ubi supra,
 
 thought there was a difference..; for at the next preceding term it had decided the case of
 
 *107
 

 Frazier
 
 v.
 
 Brownlow,
 
 3 Ire. Eq., 237, which is referred to with approbation in
 
 Knox
 
 v.
 
 Jordan, ubi supra.
 

 The case at bar, however, cannot derive any aid from
 
 Felton
 
 v.
 
 Reid
 
 and
 
 Knox
 
 v.
 
 Jordan,
 
 because the testatrix expressly recognises her debts, and attempts to provide for their payment. It is true that they were not recognized with the concurrence of her trustee, but that omission, even if a recognition were necessary in the case of the execution of a power, would be excused, because the pleadings show that the trustee was dead when the will was made, and it does not appear that any other was appointed in his stead.
 

 We have only to say, further, that the appropriation of the proceeds of the sale of the woman Happy, as the fund out of Avhich the debts of the testatrix are to be paid, cannot prevent the creditors from claiming their debts out of the other property appointed under the poAver, if from any cause the specified fund is not available for the purpose. Let a decree be drawn in accordance with this opinion.
 

 Per Curiam.
 

 Decree accordingly.