ISHAM et al. v. NEW YORK ASS'N FOR IMPROVING CONDITION OF POOR et al.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. WILLS—DIRECTION TO PAY TRANSFER TAXES ON LEGACIES—GIFTS UNDER POWER OF APPOINTMENT.

Testatrix, in disposing of a trust fund of which she had the power of appointment under her father's will, and in disposing of her individual estate, used in each case the phrase "I give and bequeath." By a subsequent clause she directed her executors to pay out of her residuary estate any and all transfer or inheritance taxes on any of the legacies thereinbefore made. *Held*, that the word "legacies" applied to gifts of the trust fund as well as to gifts of her individual estate.

Laughlin, J., dissenting.

Submission of controversy between William B. Isham and another, executors of the will of Mary J. Walker, deceased, as plaintiffs, and the New York Association for Improving the Condition of the Poor and others, as defendants. Judgment for defendants.

See 78 N. Y. Supp. 1121.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

H. W. Simpson, for plaintiffs.

J. L. Cadwalader, for defendants.

PATTERSON, J. This is a submission of a controversy under section 1279 of the Code of Civil Procedure, and the question to be considered is whether certain transfer taxes upon a fund of $500,000 are to be paid by the recipients of that fund or out of the residuary estate of Mary J. Walker, deceased, the plaintiffs' testatrix. By the will of John Watson, the father of the testatrix, she was given a power of appointment of a fund of $500,000, which was in the hands of trustees, who were to pay her the income thereof during her life, "and to pay over the principal as the said Mary J. Walker might, by will, direct." By her will Mrs. Walker provided in the first clause as follows:

"I give and bequeath the trust fund of $500,000 now held for my benefit [sic] Ambrose K. Ely, as trustee under the last will and testament of my father, the late John Watson, over which trust fund I have power of disposition by will, as follows, to wit."

She then proceeds to dispose of the whole principal sum among some 12 charitable or benevolent institutions in the city of New York, all of which are capable of taking by bequest. After the provisions of the will concerning the disposition of the trust fund of $500,000, the testatrix proceeds to make many specific gifts, directly or in trust, of large sums of money, using as to each the same phrase "I give and bequeath," as in the first clause. In the twenty-third clause she provides as follows:

"I direct and authorize my executors hereinafter named to pay out of my residuary estate any and all transfer or inheritance taxes that may be imposed or become due upon any of the legacies hereinbefore made, whether such taxes be state or federal."

It is claimed on the part of the recipients of the trust fund that this twenty-third clause applies to the provisions of the will under which they take, while the plaintiffs, on the other hand, contend that the operation of the twenty-third clause is limited strictly to such legacies as are given by the testatrix, payable out of her own individual estate. That the charitable or benevolent societies take simply by the exercise of the power of appointment, and hence under the will of Mr. Watson, is not disputed. We think, however, it is evident that the intention of the testatrix, Mrs. Walker, was to charge her residuary estate with the payment of transfer taxes, whether state or federal, upon all property disposed of, or which she intended to dispose of, by her will. We see no reason for limiting the effect of the word "legacies," in the twenty-third clause, to gifts by the testatrix of that which she possessed in absolute individual owner-

ship. We think it is apparent that the testatrix meant to include within the twenty-third clause the trust fund, for in the first clause she refers to that fund as one over which she has an absolute power of disposition, and she gives and bequeaths it. That she considered it to all intents and purposes as hers to give away as she pleased seems plain, and we think it is clear that she did not intend to make any distinction whatever, as to the payment of the transfer tax, between those who were to take under the provisions of her will, whether as original gifts from her or gifts made through her, she having treated both as her gifts, and specifically referred to and designated them as such.

We conclude, therefore, that judgment must be rendered in favor of the defendants interested in the fund of $500,000, directing the plaintiffs to pay out of the residuary estate any transfer tax upon such fund passing under the first clause of Mrs. Walker's will, with costs. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. I dissent, and am of opinion that the plaintiffs and defendant Emily A. Watson should have judgment that the transfer tax upon the fund of $500,000 in the hands of the defendant Ambrose K. Ely as trustee under the will of John Watson, deceased, for the benefit of the testatrix, Mary J. Walker, to be distributed pursuant to the first clause of her will, wherein she exercised the power of appointment given under the will of said Watson, is payable out of said fund, and not out of the residuary estate of the testatrix. By the clauses of her will subsequent to the first and preceding the twenty-third, she disposed of more than $1,000,000 in legacies, payable out of her own property. These are the legacies concerning which I think she intended that the transfer tax should be payable out of her residuary estate. The beneficiaries, who received this trust fund by her exercise of the power of appointment, are not her legatees. They take through the will of John Watson, and, if the transfer tax had been imposed subsequent to his death, those legacies, for this reason, would not have been subject to the tax. In re Harbeck, 161 N. Y. 211, 55 N. E. 850. The testatrix received no personal benefit from the principal of this fund, as she was given a mere power of appointment concerning the disposition thereof. In these circumstances it is unreasonable to suppose that she intended that the transfer tax thereon should be paid out of her individual estate.