WILLIAM B. ISHAM and AMBROSE K. ELY, as Executors, etc., of MARY J. WALKER, Deceased, Plaintiffs, *v.* THE NEW YORK ASSOCIATION FOR IMPROVING THE CONDITION OF THE POOR and Others, Defendants.

*Will — transfer tax on legacies given under a power of appointment as well as on gifts of the individual property of a testatrix — it is in each case payable out of the residuary estate under a clause directing such payment " upon any of the legacies hereinbefore made."*

A testator bequeathed a fund of $500,000 to trustees in trust to pay the income thereof to his daughter during her life, and to pay over the principal as his daughter might, by her will, direct.

The 1st clause of the will of the testator's daughter provided, "I give and bequeath the trust fund of five hundred thousand dollars  *  *  *  as follows, to wit," and then proceeded to distribute the entire principal fund among certain charitable institutions.   By the subsequent clauses of her will she made many specific gifts out of her individual funds, using, with respect to each gift, the phrase "I give and bequeath" used in the 1st clause.   The last clause of the will provided as follows: "I direct and authorize my executors hereinafter named to pay out of my residuary estate any and all transfer or inheritance taxes that may be imposed or become due upon any of the legacies hereinbefore made, whether such taxes be State or Federal."

*Held,* that it was not the intention of the testator's daughter to make any distinction, concerning the payment of the transfer tax, between the gifts which she made pursuant to the power of appointment contained in her father's will and those which she made out of her individual property.

LAUGHLIN, J., dissented.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*H. W. Simpson,* for the plaintiffs.

*John L. Cadwalader*, for the defendants, New York Association and another.

*Charles E. Sentell*, for the defendant, Home for Old Men and and Aged Couples.

*John H. Cole*, for the defendant, Society of St. Johnland.

*Stanley W. Dexter*, for the defendant, Children's Aid Society.

*Harry N. Avery*, for the defendant, New York Institution for the Blind.

*Robert Wilkinson*, for the defendant, New York Society for the Relief of the Ruptured and Crippled.

PATTERSON, J.:

This is a submission of a controversy under section 1279 of the Code of Civil Procedure, and the question to be considered is whether certain transfer taxes upon a fund of $500,000 are to be paid by the recipients of that fund or out of the residuary estate of Mary J. Walker, deceased, the plaintiffs' testatrix. By the will of John Watson, the father of the testatrix, she was given a power of appointment of a fund of $500,000, which was in the hands of trustees who were to pay her the income thereof during her life, " and to pay over the principal as the said Mary J. Walker might by will direct." By her will Mrs. Walker provided in the 1st clause as follows: " I give and bequeath the trust fund of five hundred thousand dollars now held for my benefit to (*sic*) Ambrose K. Ely, as trustee under the last will and testament of my father, the late John Watson, over which trust fund I have a power of disposition by will, as follows, to wit: " She then proceeds to dispose of the whole principal sum among some twelve charitable or benevolent institutions in the city of New York, all of which are capable of taking by bequest. After the provisions of the will concerning the disposition of the trust fund of $500,000 the testatrix proceeds to make many specific gifts directly or in trust of large sums of money, using as to each the same phrase, " I give and bequeath," as in the 1st clause. In the 23d clause she provides as follows: " I direct and authorize my executors hereinafter named to pay out of my residuary estate any and all transfer or inheritance taxes that may be

imposed or become due upon any of the legacies hereinbefore made, whether such taxes be State or Federal."

It is claimed on the part of the recipients of the trust fund that this 23d clause applies to the provisions of the will under which they take, while the plaintiffs, on the other hand, contend that the operation of the 23d clause is limited strictly to such legacies as are given by the testatrix payable out of her own individual estate.

That the charitable or benevolent societies take simply by the exercise of the power of appointment, and hence under the will of Mr. Watson, is not disputed. We think, however, it is evident that the intention of the testatrix, Mrs. Walker, was to charge her residuary estate with the payment of transfer taxes, whether State or Federal, upon all property *disposed* of or which she *intended* to dispose of by her will. We see no reason for limiting the effect of the word " legacies," in the 23d clause, to gifts by the testatrix of that which she possessed in absolute individual ownership. We think it is apparent that the testatrix meant to include within the 23d clause the trust fund, for in the 1st clause she refers to that fund as one over which she has an absolute power of disposition, and she *gives and bequeaths* it. That she considered it to all intents and purposes as hers to give away as she pleased seems plain, and we think it is clear that she did not intend to make any distinction whatever as to the payment of the transfer tax between those who were to take under the provisions of her will, whether as original gifts from her, or gifts made through her, she having treated both as her gifts and specifically referred to and designated them as such.

We conclude, therefore, that judgment must be rendered in favor of the defendants interested in the fund of $500,000, directing the plaintiffs to pay out of the residuary estate any transfer tax upon such fund passing under the 1st clause of Mrs. Walker's will, with costs.

VAN BRUNT, P. J., O'BRIEN and McLAUGHLIN, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I dissent, and am of opinion that the plaintiffs and defendant Emily A. Watson should have judgment that the transfer tax upon

the fund of $500,000 in the hands of the defendant Ambrose K. Ely, as trustee under the will of John Watson, deceased, for the benefit of the testatrix, Mary J. Walker, to be distributed pursuant to the 1st clause of her will, wherein she exercised the power of appointment given under the will of said Watson, is payable out of said fund and not out of the residuary estate of the testatrix. By the clauses of her will, subsequent to the 1st and preceding the 23d, she disposed of more than $1,000,000 in legacies payable out of her own property. These are the legacies concerning which I think she intended that the transfer tax should be payable out of her residuary estate. The beneficiaries, who received this trust fund by her exercise of the power of appointment, are not her legatees. They take through the will of John Watson; and if the transfer tax had been imposed subsequent to his death, those legacies for this reason would not have been subject to the tax. (*Matter of Harbeck*, 161 N. Y. 211.) The testatrix received no personal benefit from the principal of this fund, as she was given a mere power of appointment concerning the disposition thereof. In these circumstances it is unreasonable to suppose that she intended that the transfer tax thereon should be paid out of her individual estate.

Judgment ordered for defendants as directed in opinion, with costs.