**EBERSOLE et al. v. McGRATH, Collector of Internal Revenue.** *

(District Court, S. D. Ohio, W. D. October 5, 1920.)

No. 2862.

1. **Statutes** ⊗⊃245—**Imposing taxes strictly construed in favor of the citizen.**
    A statute imposing taxes is not to be extended by implication beyond the clear import of the language used, and in case of doubt is to be construed most strongly against the government and in favor of the citizen.

2. **Powers** ⊗⊃41—**Appointee under power takes from donor of power.**
    It is the general rule of the common law that the appointee of an estate takes from the original donor, and not from the donee of the power.

3. **Powers** ⊗⊃41—**Appointed estate under general power subject in equity to debts of donee's estate.**
    Where a power of appointment is general, the appointed estate is subject in equity to the debts of the donee's estate, but only in case his own estate is insufficient.

4. **Internal revenue** ⊗⊃8—**Property passing under appointment by donee of power not subject to estate tax.**
    Property left in trust by the will of a testator who died prior to 1916, the income to be paid for life to a son with power to the son to dispose of the remainder by will, which power he exercised after 1916, *held* not subject to tax under Estate Tax Act Sept. 8, 1916, § 202 (Comp. St. § 6336½c).

At Law. Action by William V. Ebersole and others, executors of the will of Omer T. Glenn, deceased, against Stephen McGrath, Collector of Internal Revenue. Judgment for plaintiffs.

John V. Campbell and Edward D. Schorr, both of Cincinnati, Ohio, for plaintiffs.

R. T. Dickerson, Asst. U. S. Atty., of Cincinnati, Ohio, and Wayne Johnson, Solicitor of Internal Revenue, and M. F. Mitchell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

PECK, District Judge. On demurrer to the petition.

This is an action to recover the amount of a succession tax paid under protest. The question presented is whether the exercise by will by Omer T. Glenn, deceased, of a power of appointment under the will of his father, William Glenn, who died prior to the enactment of the estate tax law of 1916, whereby Omer T. Glenn, the donee of the power, was given a right of support and maintenance from the income of a trust estate for life without power of anticipation but with power of disposing by will of the remainder to vest upon the death of his surviving brother and sisters, which power he exercised after the passage of the said act, is subject to the succession tax therein prescribed.

The answer is to be found by the interpretation of section 202, c. 463, of the Act of September 8, 1916 (Comp. Stat. § 6336½c). The pertinent portion is as follows:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated:

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration, and is subject to distribution as part of his estate.

"(b) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title. * * *"

[1] The subject is approached under guidance of the canon that:

"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen." Gould v. Gould, 245 U. S. 151, 38 Sup. Ct. 53, 62 L. Ed. 211.

It is claimed by the defendant: First, that the appointed estate is within the language of subdivision "a," as being an interest in the property of the decedent at the time of his death, which after his death was subject to his debts, the costs of administration, and to distribution as part of his estate; and, second, that it is an interest in property of which the decedent has made a transfer in contemplation of, or intended to take effect in possession or enjoyment, at or after his death, within the meaning of subdivision "b."

[2, 3] It is the general rule of the common law, subject to certain exceptions, that the appointee of an estate takes from the original donor and not from the donee of the power. Chanler v. Kelsey, 205 U. S. 466, 27 Sup. Ct. 550, 51 L. Ed. 882; Sugden on Powers (8th Ed.) p. 470. It is equally well settled that where the power of appointment is general, the appointed estate becomes assets subject in equity to the creditors of the donee upon his death. Brandies v.

Cochrane, 112 U. S. 344, 5 Sup. Ct. 194, 28 L. Ed. 760; Johnson v. Cushing, 15 N. H. 298, 41 Am. Dec. 694; Rogers v. Hinton, 62 N. C. 101; Clapp v. Ingraham, 126 Mass. 200; 3 Williams on Executors (9th Ed.) p. 128; Sugden on Powers (8th Ed.) p. 474; 4 Kent, Com. 338; 22 Am. & Eng. Ency. of Law (2d Ed.) 1146. The rule has been rejected in Pennsylvania. Commonwealth v. Duffield, 12 Pa. 277. It is subject to certain limitations. It does not apply as against bona fide purchasers for value from the appointee (Patterson v. Lawrence, 83 Ga. 703, 10 S. E. 355, 7 L. R. A. 143), nor until the testator's own assets are fully exhausted (Emmons v. Shaw, 171 Mass. 410, 50 N. E. 1033), nor in favor of creditors who were such before the execution of the power. (Sarah Wales' Administrator et al. v. Lora Bowdish's Executor et al., 61 Vt. 23, 17 Atl. 1000, 4 L. R. A. 819). It is an equity in favor of creditors, in whose behalf the donee should, and in equity must, appoint the estate, and does not go generally to the title to the estate.

In Fleming v. Buchanan, 3 De G., M. & G. 976, the rule was thus stated by Lord Justice Knight-Bruce:

"Resort is to be had to property of that description only in favor of the creditors, to prevent their being unpaid, and therefore that such property should not be resorted to until all the testator's estate, in a more accurate sense of the word, has been exhausted in payment of debts. Such I take it to be the rule, and the course of administration. Specific legacies must if necessary suffer, as well as every other claimant of an interest in property which is strictly the testator's."

This language was declared to be an accurate statement of the law in Beyfus et al. v. Lawley, 72 L. J. Ch. 781 (House of Lords), by Lord Lindley, where, in sustaining the equity of creditors, it was said:

"The property appointed in such a case is treated as assets of the testator exercising the power, and the assets so appointed are regarded as property bequeathed by him. When I say assets I do not mean general assets, but assets nevertheless applicable to the payment of the appointor's debts after all his own property has been exhausted. Again, personal property appointed by will under a general power, although not a legacy for all purposes, is treated as personal estate bequeathed by him."

In Jenney v. Humphries, 6 Maddock, 264, it was stated thus:

"When there is a general power of appointment by will, and an appointment is made, the appointee is a trustee for creditors; but it is not for creditors at the time of the execution of the will, but at the death of the testator."

In Townshend v. Windham, 2 Ves. 1, it was held that a court of equity would regard the appointed estate as part of the appointee's estate after his death for his creditors; that to permit the appointment so as to defeat the creditors would work a fraud upon them.

[4] The precise state of facts involved in the instant case was presented in Lederer v. Pearce, 266 Fed. 497 (C. C. A. 3), affirming Pearce v. Lederer (D. C.) 262 Fed. 995, and the right to impose the tax was there denied. But that case, which arose in Pennsylvania, was ruled on the specific ground that the rule that the appointed estate is subject to the creditors of the donee's estate has been abrogated in that state, and the law there settled to be the contrary. In Ohio there

was not, at the time of the death of Omer T. Glenn, either statute or, so far as appears, decision upon the subject, and it must therefore be presumed that the general rule was in force.

It has also been held, although perhaps it may not be said to be so well established, that the executor of the donee is entitled to take possession of, and administer, the appointed estate. It was so distinctly ruled in Olney v. Balch, 154 Mass. 318, 322, 28 N. E. 258. However, this appears to be merely a doctrine of convenience. In Emmons v. Shaw, supra, 171 Mass. at page 411, 50 N. E. at page 1034, it is said:

"It is also settled that for purposes of administration, it is more simple and convenient that the property should be administered by the executor of the will of the party exercising the power."

See, also, Hayes v. Oatley, 14 L. R. Eq. Cas. 1; Hoskins Trusts, L. R. 5 Ch. Div. 229; same, L. R. Ch. Div. 281.

The foregoing authorities, while tending to support the contention of the defendant, do not give a satisfactory affirmative answer to the question: Was the estate appointed by Omer T. Glenn an interest therein of the decedent "at the time of his death" which after his death was subject to distribution "as part of his estate"? Assuming that it did constitute, in a restricted sense, assets subject to debts, and even subject to expenses of administration (although no case has been pointed out which goes that far), and that for convenience it might properly be administered by his executor, yet was it, in strictness and for the purposes of the succession tax, part of his estate? This question is, in the last analysis, substantially that raised by the second contention above referred to, to wit, that the exercise of the power of appointment by the will of the donee was a transfer of an interest in property made by the decedent in contemplation of death.

The defendant relies most strongly upon Chanler v. Kelsey, supra, The question considered there, however, was not whether the exercise of such a power of appointment was a transfer of the donee's estate within the meaning of a law such as that now under consideration, but whether it was an act upon which a state could lay a succession tax without violation of the Fourteenth Amendment and without impairing the obligation of a contract. By the law of the state of New York there construed it was declared that the exercise of the power of appointment should be "deemed a transfer" taxable as though the property belonged to the donee. The Court of Appeals of New York had held that the tax was laid upon the exercise of the power of appointment by will "as an effective transfer for the purposes of the act." At page 478 of 205 U. S., at page 554 of 27 Sup. Ct. (51 L. Ed. 882), the Supreme Court say:

"As in Orr v. Gilman, 183 U. S., supra, we must accept this decision of the New York Court of Appeals holding that it is the exercise of the power which is the essential thing to transfer the estates upon which the tax is imposed. That power was exercised under the will of Laura Delano, a right which was conferred upon her under the laws of the state of New York and for the exercise of which the statute was competent to impose the tax in the exercise of the sovereign power of the legislature over the right to make a disposition of property by will."

Upon reflection it seems clear that the conclusion there reached was not that the execution of a power was generally to be deemed a transfer or conveyance for all purposes or that the estate appointed was to be deemed that of the donee, generally speaking, but that, for some purposes, the execution of the power does constitute a transfer so as to warrant the Legislature of a state to declare it such for the purposes of taxation. I do not understand that decision to abrogate the general rule of the common law, but to hold that a state may properly do so by statute. The statute now under consideration, therefore, must be construed in the light of the common law. U. S. v. Sanges, 144 U. S. 310, 12 Sup. Ct. 609, 36 L. Ed. 445; Schick v. U. S., 195 U. S. 65, 69, 24 Sup. Ct. 826, 49 L. Ed. 99, 1 Ann. Cas. 585. In State v. Sullivan, 81 Ohio St. at page 95, 90 N. E. at page 149 (26 L. R. A. [N. S.] 514, 18 Ann. Cas. 139), the court say that a statute "must be read and construed in the light of the common law in force at the time of its enactment, and the Legislature will not be presumed or held to have intended the repeal or modification of a well-settled rule of the common law then in force, unless the language employed by it clearly imports such intention."

In recognition of the common-law rule that the appointee takes from the donor and not from the donee of the power, it has been generally, and, indeed, so far as can be found, without exception, held that a succession tax is not applicable to the exercise of such power of appointment unless made so by express language. Thus, the estate tax acts of the United States of 1898 (30 Stat. 464), of New York of 1892 (Laws N. Y. 1892, c. 399), of Massachusetts of 1891 (St. Mass. 1891, c. 425), and the second section of the Act of Great Britain of 1853, as well as the act of Pennsylvania, were severally construed not to cover the exercise of a power of appointment; express language to that effect not being present. Fidelity Trust Co. v. McClain (C. C.) 113 Fed. 152; affirmed 122 Fed. 1020, 57 C. C. A. 679; Matter of Harbeck, 161 N. Y. 211, 55 N. E. 850; Emmons v. Shaw, supra. The act of Massachusetts construed in the last case seems to have been quite as broad as that now considered. Acts of Massachusetts 1891, c. 425, § 1, quoted in Balch v. Shaw, 174 Mass. at page 147, 54 N. E. 490. See, also, Commonwealth of Pennsylvania v. Williams' Executors, 13 Pa. St. 29; 37 Cyc. 1566.

In Attorney General v. Mitchell, 6 Q. B. Div. 548, section 2 of the Succession Duty Act, 1853 (16 & 17 Vict. c. 51), was under consideration. It provided:

"Every past or future disposition of property, by reason whereof any person has or shall become beneficially entitled to any property or the income thereof upon the death of any person dying after the time appointed for the commencement of this act, either immediately or after any interval, either certainly or contingently, and either originally or by way of substitutive limitation" shall be the subject of a tax.

The question there was whether the exercise of a power of appointment was such "a disposition of property" by reason of which the beneficiary became entitled. And it was held that the appointees de-

rived their interest from the original settlor, the donor of the power, and not from the donee, the appointor.

In Attorney General v. Pickard, 3 Meeson & Welsby, 551, the case was the converse, viz., the crown sought to tax the appointment as a legacy under the will of the original donor of the power. In sustaining the tax it was said by Lord Abinger that the general rule, that interests created by the execution of a power take effect precisely in the same manner as if created by the instrument which gives that power, was subject to only three exceptions: (1) Where the question of the time of vesting of the appointee's estate becomes important; (2) when the instrument executing the power has not been duly registered; and (3) when the execution of a power to convey lands is under such circumstances as to make the conveyance fraudulent (as against creditors) under the statute of Elizabeth. Affirmed 6 Meeson & Welsby, 348.

Suppose, in the present case, that the donor, William Glenn, had died after the passage of the act. There is no doubt that the transmission of the estate in question would have been subject to the tax, notwithstanding the appointee remained yet to be named. Now, if the tax be also imposed upon the nomination of the appointee by the donor's son, Omer, it would be twice taxing what was, at common law, but one succession. That the common-law view may be rejected, and the appointment regarded as a separate transmission by statutory enactment to that effect, is settled. Chanler v. Kelsey, supra. But is there to be found in the act now under examination language sufficiently clear to import an intention to so modify the then existing rule of the common law?

The language of Chief Baron Pollock in Re Barker, 7 Hurlstone & Norman, 108, seems to be peculiarly applicable and in consonance with the rule of construction in Gould v. Gould, supra. It is:

"The subject has a right to say, 'whatever may be the apparent substance of the transaction, technically I derive my interest, not from the person exercising the power of appointment, but from the person who created the power.' We ought not to hold that the subject must pay the larger rate of duty because the transaction is capable of being viewed in different lights. The legal effect of the transaction is, that the person taking the benefit under the power takes it, not from the person exercising the power, but from the person creating it."

To give the act the defendant's interpretation would be to make the appointment subject to the tax in those states in which the appointed estate is regarded as assets for creditors, and not in others, as Pennsylvania, where the contrary rule obtains. Yet by the terms of the act the amount paid creditors is exempt. The net estate only is its object. The result would be that the estate, where subject to diminution by creditors, would also be subject to the tax, but, where free of creditors, would be free of the tax. It was held in Pearce v. Lederer, supra, that this inequality of result did not prevent the exemption of the appointed estate from taxation in Pennsylvania, where it is not subject to creditors, as has been seen. But in that case it was unnecessary to go beyond that point and determine whether the appointed estate was in strictness an estate of the donee. And in making the latter determina-

tion, now required, it would seem that a construction which would lead to an inequality as among the citizens of the several states in bearing the burden of the tax should not be favored.

It seems, therefore, to come to this: If the words "the interest therein of the decedent at the time of his death which after his death is subject to distribution as part of his estate" be given a liberal construction, the defendant should prevail. But if this language be strictly construed, as seems proper, the plaintiff is entitled to have the tax refunded, for, speaking with exactness, the estate appointed was not the interest of decedent at the time of his death, nor part of his estate.

It is urged by the government that the subsequent amendment of February 24, 1919 (chapter 18, § 402, Comp. Stat. § 6336¾c), subjecting the appointment to the tax, must be considered as declaratory and explanatory of the prior act. But this would seem to be no more than an admission of doubt as to the former intention of Congress, and of that doubt the citizen sought to be taxed is entitled to the benefit. And furthermore, the inference would be rather that the former act was insufficient. Matter of Harbeck, supra, 161 N. Y. at page 217, 55 N. E. 850.

Reading, then, this act in the light of the common law, and bearing in mind that its provisions are not to be extended beyond matters specifically pointed out, and that doubts are to be resolved in favor of the citizen, it is held that the exercise of a power of appointment by will is not within the meaning of the act in question.

It follows that the demurrer to the petition will be overruled, and as the government has stated that it does not desire to further plead, the plaintiff will have judgment for the amount claimed.