In the Matter of the Estate of RALPH M. BURCH, Deceased.

Surrogate's Court, New York County, August 3, 1936.

*Edgar Hirschberg* [*John J. Fay* of counsel], for the State Tax Commission.

*Sprague, Seymour & Sprague,* for the executrix.

FOLEY, S. This is a motion by the executrix to exempt the estate from estate tax. The testator died a resident of New York county on October 1, 1935. By the terms of his will he exercised a power of appointment given to him by the will of his father, Mark H. Burch, who died a resident of the State of New Jersey. The property subject to the power of appointment consists of a trust fund of one-sixth of the residuary estate of Mark H. Burch, the income from which was payable to this decedent during his lifetime.

After the death of Mark H. Burch, his widow, one of the trustees of the fund, removed her residence to this State. It is conceded that at the time of the death of this decedent the stock certificates, bonds and mortgage certificates, comprising the fund subject to the power of appointment, were physically located in this State. It is upon this circumstance that the State Tax Commission opposes the motion to exempt and contends that the property is subject to tax.

The value of the fund as set forth in the motion papers is $19,430.17. If this is the true value of the fund the estate of the donee would nevertheless be exempt as it passes to his widow, who under the Tax Law is entitled to an exemption of $20,000. The personal estate of this decedent is negligible and in no way affects the question presented. Upon this ground alone, the motion to exempt the estate from tax must be granted. Aside, however, from the amount of the estate and its exemption from taxation, I am of the opinion that the taxability of the passing of property by the execution of a power of appointment by a resident donee under the will of a non-resident donor may not be sustained. ( *United States* v. *Field,* 255 U. S. 257; *Wachovia Bank & Trust Co.* v. *Doughton,* 272 id. 567; *Walker* v. *Treasurer,* 221 Mass. 600; 109 N. E. 647; *Matter of Canda,* 197 App. Div. 597.)

The corpus of this trust consists of intangibles and under the recent decisions of the United States Supreme Court in *Farmers Loan & Trust Co.* v. *Minnesota* (280 U. S. 204) and *First National Bank* v. *Maine* (284 id. 312) such property is only taxable in the State of domicile of the owner. The fund in question, although subject to appointment by this decedent, remained at all times the property of the estate of the donor of the power, Mark H. Burch, a resident of the State of New Jersey. (*Matter of Bradford,* WINGATE, S., 159 Misc. 482, and the cases cited therein.) The actual presence in this State of the certificates or instruments evidencing the intangible property did not afford a basis for taxation. Neither did the removal of the residence of the trustee into this State afford a basis for the imposition of a tax under subdivisions 7 and 7-a of section 249-r of the Tax Law.

Submit order on notice exempting the estate from estate tax in accordance with this decision.