Lewis Spencer Morris and United States Trust Company of New York, as Executors of the Last Will and Testament of Emily Pell Coster, Deceased, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 90915.   Promulgated March 9, 1939.

*John A. Lyon, Esq.,* and *Arthur A. Brody, C. P. A.,* for the petitioners.

*Thomas H. Lewis, Jr., Esq.,* for the respondent.

574

[REDACTED]

**OPINION.**

SMITH: The question for our determination is whether the property belonging to the residuary estate of Charles Henry Coster over which the decedent exercised the power of appointment in her will is includable in her gross estate.

It is provided in section 302 of the Revenue Act of 1926, as amended by section 803 (b) of the Revenue Act of 1932, that:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * * *

(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of or intended to take effect in possession or enjoyment at or after his death, or (3) by deed under which he has retained for his life or any period not ascertainable without reference to his death or for any period which does not in fact end before his death (A) the possession or enjoyment of, or the right to the income from, the property, or (B) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth; * * *

Whether property is includable in the gross estate under this provision of the statute depends upon whether under the laws of the state having jurisdiction thereof it actually passed to the appointees by reason of the exercise of the appointive power. *Helvering* v. *Grinnell*, 294 U. S. 153; *Estate of Frederick R. Shepherd*, 39 B. T. A. 38.

The respondent has determined that the property in dispute, of an agreed value at the time of decedent's death of $2,297,370.38, passed under the general power of appointment exercised by the decedent in her will and is therefore includable in her gross estate under the above quoted provisions of the statute. Petitioners contend that under the laws of the State of New York the only property subject to the power of appointment which passed under the exercise of the power by the decedent in her will, and therefore the only property which is includable in the gross estate under section 302 (f) of the Revenue Act of 1926, are the remainder interests of the issue of Helen Coster Train and Maud Salm–Hoogstraeten.

The rule for determining whether property "passes" under the exercise of a power of appointment and is therefore subject to the New York estate tax was stated by the Court of Appeals for the State of New York in *In re Duryea's Estate*, 277 N. Y. 310; 14 N. E. (2d) 369, as follows:

* * * the true rule to be applied can be reached only by an entire disregard of any intention to elect or of what has been termed an election, and may be stated to be that where a person named under the exercise of the power takes the same or less than he would have taken under the original will, if the power of appointment had not been exercised, his interest is taxable in the estate of the donor and not in the estate of the donee. * * *

See also *In re Lansing's Estate*, 182 N. Y. 238; 74 N. E. 882, cited with approval in *Helvering* v. *Grinnell*, *supra*.

Did the appointees under the decedent's will by such appointment take the same, or less, of the residuary estate of Charles Henry Coster as they would have taken had the decedent not exercised the power? The will of Charles Henry Coster provides for the residuary estate to be held in trust for the life of his wife, the decedent, "and after the death of my said wife the same to go as she may provide by Will, or, if she leave no Will, to go as the law may provide." As to this provision of the donor's will the respondent makes the argument that:

* * * The estates [in remainder after the life estate of the wife] were contingent both as to the takers, who could not be ascertained before the happening of a future event which might not happen, and as to the condition upon the fulfillment of which the estate became vested.

The appointees by virtue of the exercise of the power took vested estates; in default of such exercise they could have taken at most contingent estates "under the original will."

We think it is clear that the testator's intention was that upon the wife's death the remainder of his residuary estate should be distributed in accordance with the laws of the State of New York relating to descent and distribution, unless otherwise disposed of by the wife in the exercise of her power of appointment by her will.

It is not material to our present inquiry whether the remainder interests, after the wife's death, vested upon the death of Charles Henry Coster or upon the death of his wife. (For discussion of vested future interests under the laws of the State of New York see *William Korn et al., Executors*, 35 B. T. A. 1071, and cases therein cited. See also *New York Life Insurance & Trust Co.* v. *Winthrop*, 237 N. Y. 93; 142 N. E. 431.) In either event, under the laws of the State of New York, such interests passed under the will of the prior decedent and not by the exercise of the power of appointment, if the appointees took no more under the exercise of the power than they would have taken otherwise. *Helvering* v. *Grinnell, supra.*

The Surrogate's Court of Orange County, New York, held in a New York estate tax proceeding, *In re Coster's Estate*, 4 N. Y. S. (2d) 970, that the remainder interests in the residuary estate of Charles Henry Coster over which the power of appointment was exercised by the decedent in her will were not taxable in the decedent's gross estate. The decision of the court there was based primarily on the fact that a binding compromise agreement had been entered into in a prior year by which the remainder interests in question were taxed in the estate of Charles Henry Coster. The court in its opinion said, however, that:

Obviously, there could ultimately be but one vesting of this remainder, either solely or severally, and it was this vesting that was indeterminable and the tax upon which was thus compromised, for the property passed under the will

of the donor of the power and not under that of the donee. *Matter of Burch's Estate*, 160 Misc. 342, 289 N. Y. S. 966; *Matter of Bradford's Estate*, 159 Misc. 482, 288 N. Y. S. 153; *Matter of Stewart*, 131 N. Y. 274, 30 N. E. 184, 14 L. R. A. 836; *Matter of Harbeck*, 161 N. Y. 211, 55 N. E. 850; *Ebersole* v. *McGrath*, D. C. 271 F. 995.

The fourth paragraph of the court's syllabus reads as follows:

4. Taxation.

The passing of remainder interest in property by testamentary exercise of a power of appointment given by prior will resulted in only one vesting of the remainder, which occurred under prior will, and hence comprise settlement of estate tax due upon such remainder, in proceeding involving the prior will, precluded taxing of the remainder as part of donee's estate. Tax Law, § 249–r, subd. 7; Laws 1897, c. 284, § 6, amending Tax Law, § 230; Laws 1900, c. 379.

Charles Henry Coster was survived by his wife and their four children, all of whom survived the wife, and, with the children of two of them, became the appointees under the wife's will as shown above. It is stipulated in this proceeding (paragraph 16 of the written stipulation) that each of the four children upon the death of the wife would have received a one-fourth equal part of the residuary estate of Charles Henry Coster, amounting to approximately $624,342.60, if the wife had died intestate. This is likewise the interest that each would have received under the will of Charles Henry Coster and under the laws of the State of New York had the decedent, though leaving a will, failed to exercise the power of appointment. It is so alleged in paragraph seven, subparagraph 11, of the petition herein and admitted by the respondent in paragraph 7 of his answer.

By her will the decedent appointed to two of her children, Emily Coster Morris and Charles Henry Coster, a one-fourth interest each in all of the residuary estate of Charles Henry Coster subject to the power of appointment, except for the real estate, and to the other two children, Helen Coster Train and Maud Salm–Hoogstraeten, a one-fourth interest each in trust for life, with the remainder over to their issue. It is stipulated that the value of each of the appointed one-fourth interests was $574,342.60. This is the portion of the property over which the power of appointment was exercised that each would have received under the will of Charles Henry Coster had the decedent failed to exercise the power of appointment. Thus, no one of the decedent's four children received any more under the appointments than he or she would otherwise have received. Two of them, the two who received an outright one-fourth interest, took exactly the same proportionate parts that they would have taken under the will of Charles Henry Coster, that is, a one-fourth interest, and the other two, who received each a life interest only in a one-fourth share, took a lesser amount.

Petitioner concedes that the remainder interests in the two one-fourth shares of the property which were appointed to the issue of Helen Coster Train and Maud Salm-Hoogstraeten passed under the power of appointment exercised by the decedent in her will and are therefore includable in her gross estate. It is stipulated that these remainder interests had an aggregate value at the time of decedent's death of $455,246.94.

We are of the opinion that the respondent erred in including in decedent's gross estate any greater amount than $455,246.94 as representing property passing under a general power of appointment exercised by the decedent in her will.

*Judgment will be entered under Rule 50.*