LUKE B. CARTER ET AL., EXECUTORS OF JOHN J. CAR-
TER, DECEASED, PROSECUTORS, v. NEWTON A. K. BUG-
BEE, RESPONDENT.

Submitted March 21, 1918—Decided April 25, 1918.

C. executed a trust deed in 1911 conveying personal property in this
state to trustees upon trust to pay him the income during his life,
and at and after his death to pay the *corpus*, in designated por-
tions, to his children and grandchildren who were not to have
possession or enjoyment before his death; in 1914 the legislature
passed an act imposing a transfer tax on property passing to
lineal descendants, and in 1917 the settlor died. *Held*, that the
gifts to lineal descendants were subject to the statute of 1914
as a gift intended to take effect in possession or enjoyment at
or after the death of the donor, and that the transfer contem-
plated by the statute and made subject to a transfer tax, did
not take effect when the trust deed was executed and delivered
but only at the death of the donor.

On *certiorari*.

Before Justices BERGEN and BLACK.

For the prosecutors, *Church, Harrison & Roche.*

For the respondent, *John W. Wescott,* attorney-general, and
*Theodore Rurode.*

The opinion of the court was delivered by

BERGEN, J.   We are asked to decide whether the act of
1914, chapter 151, imposing a transfer tax upon property
passing to lineal descendants, is applicable to property which
came to the possession of descendants of that class in 1917
by virtue of a trust deed executed and delivered in 1911, at
which time our statute relating to transfer taxes on the es-
tates of decedents did not include lineal descendants.   The
facts are that on January 14th, 1911, John J. Carter, a non-
resident of this state, executed and delivered to trustees an

absolute conveyance, not revocable, by which he conveyed to his trustees the bonds and stock of divers corporations, some being organized under the laws of this state upon which latter securities the comptroller of the state levied a transfer tax, which action has been brought before this court for review by a writ of *certiorari.* The conveyance was subject to certain trusts (1) to collect the income during the life of the settlor and pay it to him; (2) "said trustees shall, at the death of the settlor, pay over" definite portions of the *corpus* to persons named, if they survive the settlor, and if not, but leave issue, "shall be paid over to such issue as if they were taking by descent" from their ancestors under the intestate laws, subject to a provision in some cases for a spouse or mother. In other cases the trustees were to allot the portion and hold it in trust until the beneficiary arrived at the age of twenty-one years. The distribution is provided for, after the death of the settlor, with the particularity usual in a last will and testament, and disposes of the entire trust estate to the lineal descendants of the settlor.

The prosecutors urge that a transfer tax can only be assessed under the law in force when the trust deed was executed, and there being no statute which subjected property, passing to lineal descendants when this trust deed was delivered, to any transfer tax, their status cannot be changed by legislation between that period and the death of the settlor. The soundness of this contention depends upon the determination of the question, When does the transfer contemplated by the act take place?

Our statute (*Pamph. L.* 1909, *p.* 325) provides for the imposition of a transfer tax on the transfer of goods, wares and merchandise within this state, or of shares of stock of corporations of this state, or of shares of national banks located here, "made by a non-resident, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, *or intended to take effect, in possession or enjoyment, at or after such death."*

This statute is a copy of the New York statute of 1892, in force when ours was adopted, and in such case its construc-

tion by the courts of New York will be held to have been adopted with the act. *Neilson* v. *Russell,* 76 *N. J. L.* 655.

In the case of *Matter of Green,* 153 *N. Y.* 223; 47 *N. E. Rep.* 292, the facts were that on February 14th, 1899, the settlor made a deed of trust and delivered to her trustees a large amount in value of railroad bonds upon trust to collect and pay the income to her for life, and after her death to pay the *corpus* to her three nieces, with remainder over to the issue, if any, of either dying before the donor. This deed was modified in 1891, and the question presented was whether the subsequent act of 1892 was applicable, and the only substantial matter presented in opposition, as appears from the brief printed with the case, was "the transfer became effective upon the execution of the deed and its delivery with the securities." There, as here, the trust deed and securities were delivered to the trustee before the statute imposing the tax was adopted, and the trust was, as here, to pay the income to the settlor for life, and, after death of settlor, to persons named. The conditions seem to be identical, and the Court of Appeals of New York held that, conceding, that upon delivery of the trust deed the nieces took a vested remainder subject to open and let in the children of a niece dying in the lifetime of the settlor, "the remainders were transferred to the nieces, in possession and enjoyment, by an instrument intended to take effect for that purpose, at or after the death of the donor. * * * The death of the donor was the event which made the transfer complete and effective and secured to the nieces the possession and enjoyment of the property," and, therefore, the devolution of the title was subject to the tax.

In *Matter of Brandreth,* 169 *N. Y.* 437, it was held that where there was a gift and delivery of stock with reservation of income and voting power by donor, the value of the stock, after the death of the donor, was taxable as a transfer intended to take effect in possession or enjoyment after death of donor.

In *Matter of Cornell,* 170 *N. Y.* 423; where there was a gift and delivery of securities with reservation of income, it was

held that the gift was a trust, and after donor's death subject to a transfer tax.

Thus, it seems to have been settled by the Court of Appeals of New York that such a remainder, after a life estate, given by a trust deed, is subject to the transfer tax which the law imposes when the right to its possession or enjoyment matures. The statutes of both states make a distinction between property passing by will, and property passing by deed intended to take effect in possession or enjoyment after the death of the settlor, the latter referring to a gift *causa mortis* having the effect, by a different method, of a will or intestacy. A will takes effect at the death of the testator, and all estates which it creates then become fixed and subject to such taxes as are then imposable by law, and the rights of legatees thereunder have a status not to be altered for the purpose of taxation, but are subjected to any change in the law made after the execution of the will and before testator's death, and a trust deed which *donatio causa .mortis,* produces the same result by another method, is governed by the same rule. See, also, *Crocker* v. *Shaw,* 174 *Mass.* 266.

As was aptly said by Judge Finch, speaking for the Court of Appeals of New York, in *Matter of Seaman,* 147 *N. Y.* 69, 77: "A grantor may have conveyed and delivered his deed before 1892, in contemplation of death, and to take effect upon the happening of that event, or reserving a power of revocation, as well as the possession or enjoyment, during his lifetime, and the legislature certainly intended to put such a transfer on the same footing as one by will. It is of no consequence that the will was executed before the statute if death occurs after, and the same rule was intended to be explicitly applied to grants *causa mortis*. Though the deed precedes the tax law, as the execution of the will precedes that law in a possible case, yet the transfer in both instances is to date from the one event which makes it operative and effective." While Mr. Justice Lamar, speaking for the United States Supreme Court, in *Keeney* v. *New York,* 222 *U. S.* 525, said: "The validity of that burden must be determined by the situation as it existed in 1903, when the deed was

made;" this had reference to the *situs* of the property and not to the application of the law, and cannot be taken as over-ruling the Court of Appeals of New York in the construction of their own statute.

The prosecutor cites but two cases that we deem we are required to notice. The first is *People* v. *Trust Co. of America,* 205 *N. Y.* 74, which is not applicable, for it relates, not to a transfer tax, but to the taxation of a mortgage given before a new tax law went into effect, and is subject to an entirely different line of reasoning. The other case is an opinion by Surrogate Cohalan of the county of New York, which, apparently, is contrary to the views expressed by the Court of Appeals of that state, and disposes of the case of *Matter of Green, supra,* by saying that the court decided in that case that the deed was not a gift *inter vivos,* but one in-tended to take effect in possession or enjoyment after death. As we read the opinion of the Court of Appeals it said it was not important to decide that matter, and put the result upon the question whether the estate taken by the nieces was to take effect in possession or enjoyment at or after the death of the donor, and held that it was.

It seems to us that the surrogate, on the same state of facts, so far as laid before us, reached a conclusion different from that held and announced by the Court of Appeals of New York, and we feel it wiser to follow the highest appellate court in the construction of the statutes of that state. It is certainly more authoritative, and its reasons for the result reached in this matter appeals to us as sound.

In the case under review we have a deed in which the re-mainders are intended to take effect in possession or enjoy-ment at or after the death of the settlor, which is within the words of the last clause of section 3 of the statute. It was also made in contemplation of death, because the gifts were not effective until that event happened, and thus within the terms of the next preceding sentence or clause. We are of opinion that the transfers contemplated by the statute did not take effect until the death of the settlor, and are subject to the transfer tax imposed by the statute then in force.

The assessment is affirmed, with costs.