ISAAC R. BROWN, Register of Wills in and for New Castle County, in the State of Delaware, for the use of the State of Delaaware, *v.* THE PENNSYLVANIA COMPANY FOR INSURANCES ON LIVES AND GRANTING ANNUITIES, a corporation of the State of Pennsylvania, Executor of the Last Will and Testament of William H. Swift, deceased.

1. TAXATION—SUCCESSION TAX LAWS GIVEN PROSPECTIVE OPERATION, UNLESS RETROSPECTIVE ONE CLEARLY INTENDED.

Succession tax laws must be given prospective rather than retrospective operation, unless latter is clearly intended, and in case of doubt law will be construed against taxing power.

2. TAXATION—INHERITANCE TAX LAW HELD NOT RETROACTIVE.

Inheritance Tax Law, § 146, as amended by 29 *Del. Laws, c.* 7, *held* not retroactive.

**3. TAXATION—TRANSFER OF PROPERTY BY TRUST DEED VESTING TITLE PRIOR TO PASSAGE OF INHERITANCE TAX LAW HELD NOT TAXABLE.**

Where prior to passage of Inheritance Tax Law, § 146, as amended by 29 *Del. Laws, c. 7*, a deed of trust was executed, conveying property unconditionally and without reserving power of revocation or control, thus vesting immediate right and title to property, but not actual possession, in beneficiaries, such transfer was not taxable under the inheritance tax law, such law not being retroactive notwithstanding grantor did not die until after passage of act.

*(October 3, 1924.)*

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Sylvester D. Townsend, Jr.,* Attorney-General, and *Leonard G. Hagner,* Deputy Attorney-General, for plaintiff.

*Herbert H. Ward* (of Ward, Gray and Neary) for defendant.

Superior Court for New Castle County, May Term, 1924. ASSUMPSIT, No. 86, January Term, 1924.

PENNEWILL, C. J., delivering the opinion of the Court:

This case is before the Court on an agreed statement of facts, from which it appears that on January 6, 1916, William H. Swift, a resident of New Castle County, State of Delaware, and Eliza C. L. Swift, his wife, conveyed certain property and securities to the Pennsylvania Company for Insurances on Lives and Granting Annuities, by a deed of trust under the terms of which the net income therefrom was to be paid to William H. Swift during his life, and after his death (subject to the payment of one-half of the income to Eliza C. L. Swift during her life) the net income was to be paid to his two daughters, Anna Swift Rupert and Emma Swift Holladay, in equal shares, and after the decease of each to their descendants, per stirpes, until the decease of the last descendant of William H. Swift, who should be living at his decease. If at any time during the activity of the trust there should cease to be any descendants of either daughter living the other daughter or her descendants should receive the entire income, and final disposition of the principal should be made on the decease of the last descendant of William H. Swift in his lifetime.

William H. Swift executed a will on February 13, 1916, naming the Pennsylvania Company for Insurances no Lives and

Granting Annuities as executor and trustee, and died on April 27, 1917, leaving to survive him his widow, Eliza C. L. Swift, who died on February 25, 1918, and his two daughters, Anna Swift Rupert and Emma Swift Holladay, who are still living.

The collateral inheritance tax law of this state, as originally passed, provided as follows:

"All property within the jurisdiction of this state, real and personal, and every estate and interest therein, whether belonging to inhabitants of this state or not, which pass by will, or by the intestate laws of this State, or by deed, grant, or gift (except in cases of a *bona fide* purchase for full consideration in money or money's worth) made or intended to take effect in possession or enjoyment after the death of the grantor, or donor, to any person, or persons, bodies politic, or corporate, in trust or otherwise, other than to or for the use of the father, mother, grandfather, grandmother, wife, husband, child, or children by birth or legal adoption, or lineal descendant, of the grantor, donor, devisor, or intestate (hereinafter called the decedent) shall be subject to taxation and pay the following taxes, that is to say." *Rev. Code, p.* 86, § 146.

*Chapter 7, vol.* 29, *Laws of Delaware,* which changed this law from a collateral inheritance tax law to an inheritance tax law, substituted for *Section* 146 of the *Revised Code,* quoted in part above, the following:

"All property within the jurisdiction of this state, real and personal, and every estate and interest therein, whether belonging to residents or nonresidents of this State (except shares of the capital stock of corporations created under the laws of this State when owned by persons without this State) which passes by will, or by the intestate laws of this State or by deed, grant, gift, or settlement (except in cases of a *bona fide* purchase for full consideration in money or money's worth) made in contemplation of, or intended to take effect in, possession or enjoyment, after the death of the grantor, donor, or settler, to any person, or persons, bodies politic, or corporate. in trust or otherwise, shall be subject to taxation, as follows:

"* * * Any transfer of a material part of the property of a decedent in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without full consideration in money or money's worth, shall, unless shown to the contrary, be deemed to have been · made in contemplation of death within the meaning of this chapter."

It is agreed in the case stated as follows:

"That under the Delaware law, the tax is a 'succession tax', and not an estate tax; that the tax is on the right to receive, and not on the right to give; that the transfer under the declaration of trust was not the result of a *bona fide* purchase for a consideration in money or money's worth; that the transfers under the declaration of trust were made in contemplation of, or intended to take effect in possession or enjoyment after, the death of William H. Swift;

that the transfers under the declaration of trust were in the nature of a final disposition of a material part of the property of the decedent; with respect to the trust estate, taxes found to be due, if any, will be paid to the executor, and by the executor to the Register of Wills; that the only question to be determined is whether or not the amendment of March 24th, 1917 (*chapter 7, vol. 29, Delaware Laws*), subjects to inheritance taxation the transfers made under said declaration of trust dated January 6, 1916."

The original statute passed in 1909 taxed succession of property·to persons who were collateral kindred to the decedent or donor, or who were strangers to the decedent or donor.

Succession of property to or for the use of the father, mother, grandfather, grandmother, wife, husband,·child or children by birth or legal adoption or lineal descent of the grantor, donor, devisor or intestate, was expressly excepted and withheld from the operation of the statute. All persons to whom an estate was granted, or upon whom any right of succession was conferred by the trust deed, fall within the excepted classes of kindred of the donor, inasmuch as they were limited to the donor's wife, his children, and lineal descendants. Of such persons, the wife, two married children and six grandchildren were living when the trust deed was made.

In due course of settlement of the estate of William H. Swift, Isaac R. Brown, Register of Wills for New Castle County, plaintiff in this cause, demanded the payment of an inheritance tax upon the property passing under said deed of trust, making and founding the said demand upon the provisions of *Sections* 146 to 152, inclusive, of the *Revised Code* as amended by *Chapter 7, vol. 29; Laws of Delaware*. The payment of this tax was refused, upon the ground that sections 146 to 152, inclusive, of the *Revised Code*, as amended by *Chapter 7, vol. 29, Laws of·Delaware*, had no application to the trust deed and the property passed thereunder, and did not impose upon the executor any duty to pay such inheritance tax.

Is said statute, passed subsequent to the making and delivering of the deed of trust, retroactive in its operation so as to impose a succession or inheritance tax upon the persons taking the property granted under said deed? This seems to be the important, if not the only, question in the case.

As the inheritance tax law in existence when the trust deed was made taxed only the succession of property to persons who were collateral kindred to the grantor or donor, or who were strangers, it is clear that the trust deed in question cannot be regarded as an attempted evasion of the tax law in existence at the time it was made. There can be no doubt that the transfers in question are within the language of the amendment passed March 24, 1917. *Chapter 7, vol. 29, Laws of Delaware.* The question is, whether such law applies if the transfers were made before its enactment, and the death of the grantor occurred subsequent thereto.

The plaintiff contends that the transfers are taxable:

1. Because the deed of trust being made in contemplation of death, and being a final disposition of a material part of the grantor's property is essentially a testamentary instrument, and as such partakes of the nature of a will speaking from the death of the grantor and is governed by the law in force at that time.

2. Because the language of such amendment indicates a purpose to tax the succession or receipt of property under transfers of the character described whether executed before the enactment of the law or not, provided the death of the grantor occurs subsequent to the enactment of the statute.

As already stated, it is agreed that the tax in question is a succession tax and not an estate tax; that it is on the right to receive and not on the right to give. The plaintiff argues, therefore, that logically the transfer of the property mentioned in the trust deed, dates from the one event that made it effective—the death of the grantor.

The defendant's contention is, that the trust deed was absolute, unconditional and irrevocable, and that a vested interest in the property mentioned passed to the donees on the delivery of the deed. Such being the case, it is argued that the transfers were effective and complete on the delivery of the deed, and that the only question that need be considered by the Court is whether the taxing act passed subsequent to the trust deed applies to the transfers made by the deed.

Opinion.

It is clear, we think, that the beneficiaries under the deed of trust took a vested right and title to their respective portions of the income of the trust upon the delivery of the deed, although they could not come into the actual possession of it until the death of the donor. . The right of succession, which alone was taxable had absolutely passed; the transfer was irrevocably made. This conclusion, we think, is warranted by the decided weight of authority, and, therefore, the cases that liken transfers made under a deed of trust like the one in question to those made by will need not be considered. In some of the cases cited by plaintiff the transfers under the trust deed were not absolute and irrevocable as in the case before the Court, and in others it was clear from the language employed that title to the property transferred did not vest in the donees until the death of the grantor.

We think the plaintiff has failed to note the distinction, important in this case, between the vesting of title to property and the actual receipt or possession of property. The tax, under our statute, being on the transfer and not on the property, the time when the title passes is the material thing to be considered, and not the time when the donees come into actual possession of the property.

Having reached the conclusion that by the deed of trust the grantor parted with all his title and estate in ยุ e corpus of the property transferred, and that title to the interests granted vested immediately in the donees, the only question to be determined would seem to be, whether there is anything in the taxing act which clearly shows that the legislature intended that the provisions of the amendment should apply to transfers made prior to its passage. That raises the question, whether the act is retroactive in its effect and operation.

[1] The law in respect to this question is well settled. See *Jones v. Wootten*, 1 *Harr.* 77. Indeed, the authorities are almost unlimited which sustain the proposition that succession tax laws, like other taxing laws, must be given prospective rather than retrospective operation unless a retrospective operation is clearly intended; and that in case of doubt the law should be construed

against the taxing power. The correctness of this proposition is not denied by the plaintiff.

The question discussed at such great length by counsel in their numerous briefs, may be narrowed down to the following:

1. Is there anything in the language of the act in question which clearly shows that it was intended to be retroactive?

2. If it is not retroactive does the gift or transfer nevertheless come within the operation of the law because it was not actually effective and enjoyable until the death of the donor, which was subsequent to the passage of the statute?

The plaintiff argues that the statute in question was intended to be retroactive because it contains these words: "Any transfer * * * within two years prior to his death without full consideration in money or money's worth shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this chapter." Inasmuch as the law provides that gifts made in contemplation of death shall be subject to the tax, and further provides that gifts made within two years prior to the death of the donor shall be deemed to have been made in contemplation of death, it is insisted the gift in the present case is liable to the tax. It is not claimed there is any other language in the statute that indicates an intention that it should be retroactive.

The defendant insists that the words of the statute which plaintiff claims show it was intended to be retroactive, are just as consistent with the construction that it is prospective only; and that even if the meaning of the words is doubtful the doubt must be resolved in favor of the taxable and against the taxing power.

[2] We are of the opinion that there is nothing in the statute which clearly shows that it was intended to be retroactive in its operation.

[3] In respect to question No. 2, we say: The transfers in question are not taxable because, as already said, it is clear from the case stated that Swift, in his deed of trust, executed and delivered prior to the taxing act, granted to the beneficiaries of the trust a present vested interest in the property mentioned, subject

only to the right of the donor and his wife to receive the income from the property during life. Said deed of trust was absolute and unconditional in its terms, no power of revocation being reserved, and no control of the corpus of the property being possible in the vendor. A present and vested interest in remainder had passed by operation of the deed before the enactment of the taxing act. The transfers, therefore, could not be taxable unless the taxing act is retroactive, and we have held it is not.

In support of its contention that the transfers in question are taxable, plaintiff cited the following cases: *In re Seaman's Estate*, 147 *N. Y.* 69, 41 *N. E.* 401; *In re Masury's Estate*, 28 *App. Div.* 580, 51 *N. Y. S.* 331; *In re Green*, 153 *N. Y.* 223, 47 *N. E.* 292; *In re Brandreth*, 169 *N. Y.* 437, 62 *N. E.* 563, 58 *L. R. A.* 148; *Crocker v. Shaw*, 174 *Mass.* 266, 54 *N. E.* 549; *People v. Carpenter*, 264 *Ill.* 400, 106 *N. E.* 302; *Carter v. Bugbee*, 91 *N. J. Law*, 438, 103 *Atl.* 818; *Carter v. Bugbee*, 92 *N. J. Law*, 390, 106 *Atl.* 412; *In re Stephan's Estate*, 121 *Misc. Rep.* 596, 201 *N. Y. S.* 461.

After a careful examination of these cases we are convinced that in none of them were the facts like those in the instant case. A different question was presented. In some of the cases the decision was based on the clear retroactive effect of the statute; in others upon the fact that the right of succession to the estate in remainder passed, and became a vested interest, on the death of the testator or grantor. In others the vesting of the estate granted was conditional, or the power of revocation or modification was reserved to the grantor in the deed of trust. It is a significant fact that in New York and some other states from which cases are cited, the inheritance tax law contained the following provision:

"Such tax shall also be imposed when any such person or corporation becomes beneficially entitled in possession or expectancy to any property or the income thereof by any such transfer whether made before or after the passage of this act."

In no case called to our attention did the Court hold that the transfer was taxable where the deed was made prior to the passage

of a taxing statute which was not retroactive, and where the title
to the property passed absolutely from the grantor and the right
of succession vested in the grantees upon the delivery of the deed.

In its supplemental briefs the plaintiff cited some additional
cases, but they seem to the Court to be farther from the present
case than those cited in the original brief and above referred to.
In none of them was the question of the retroactivity of the taxing
statute distinctly raised and passed upon. We fail to find that
any of them sustains the contention that an inheritance tax under
the Delaware statute, passed subsequent to the delivery of the
deed, should be levied on the successions of transfers created by
the deed. In most of these cases all the Court decided was, that
the facts brought the assignment *within the language* of the taxing
law. Because of their inapplicability to the present case it is
deemed unnecessary to make specific reference to them.

The defendant has cited, in support of its contention, the
following cases: *Ross on Inheritance Taxation*, § 121; *In re Hen-
drick's Estate*, 1 *Con. Sur.* 301, 3 *N. Y. S.* 281; *In re Meserole's
Estate*, 98 *Misc. Rep.* 105, 162 *N. Y. S.* 414; *In re Oyon's Succes-
sion*, 6 *Rob.* (*La.*) 504, 41 *Am. Dec.* 274; *Lacey v. State Treasurer*,
152 *Iowa* 477, 132 *N. W.* 843; *In re Harbeck's Will*, 161 *N. Y.*
211, 55 *N. E.* 850; *County Treasurer v. Wicht*, 174 *Cal.* 205, 162
*Pac.* 639, *L. R. A.* 1917*C*, 961; *In re Potter's Estate*, 188 *Cal.* 55, 204
*Pac.* 826; *State v. Probate Court*, 102 *Minn.* 268, 113 *N. W.* 888;
*Blodgett v. Union & N. H. Trust Co.*, 97 *Conn.* 405, 116 *Atl.* 908;
*In re Oliver's Estate*, 273 *Pa.* 400, 117 *Atl.* 81; *In re Houston's
Estate*, 276 *Pa.* 330, 120 *Atl.* 267; *Shwab v. Doyle*, 258 *U. S.* 529,
42 *S. Ct.* 391, 66 *L. Ed.* 747, 26 *A. L. R.* 1454; *Union Trust Co. v.
Wardell*, 258 *U. S.* 537, 42 *S. Ct.* 393, 66 *L. Ed.* 753.

Most of these cases clearly sustain defendant's position, and
much of the language in the opinions might be appropriately quoted
as applicable to the facts of the present case, but due regard for
the length of our opinion prevents us from quoting at much length.

*In re Meserole's Estate*, the Court said:

"No power of revocation was reserved to the grantor, nor did she retain
any right to control or use the property mentioned in the deed. The transfer

of the corpus of the trust fund, therefore, was complete upon the delivery of the deed, and its liability to taxation under the provisions of the transfer tax aw is to be determined by the law in force at that time."

In the Iowa case, *Lacey v. State Treasurer*, it was said:

"This statute is not to be given a retroactive effect. There is nothing in the language used to indicate that any rights which had accrued or become vested prior to the taking effect of the statute were in any way to be affected thereby. * * * Specifically, it has been held without any apparent conflict in the authorities that an interest in property created by will or deed in the nature of a remainder becomes a vested interest from the time the will or deed takes effect, and that a subsequent collateral inheritance tax statute has no application to it. * * * The trial court in its ruling upon the demurrer evidently proceeded upon the theory that our statute, enacted after the creation of a remainder, but prior to the time when, by the termination of the life estate, the remainderman becomes entitled to the possession and enjoyment of the property, is applicable to such right of possession and enjoyment; but we reach the conclusion that this theory is erroneous."

In *Blodgett v. Union & New Haven Trust Co.*, the Court used this language:

"On the other hand, an irrevocable grant of a remainder interest is a present transfer of it to the remainderman, and, since a succession tax is a tax on the transfer, and not on the property, the question whether any particular transfer is or is not taxable should logically depend on the terms of the statute in force at the time when the transfer takes place."

It was said in *Re Houston's Estate:*

"Nor can it be successfully argued that the tax is not on the transfer of title to the property, but on the transfer of enjoyment, for, as it seems to us, the act means by this the right of enjoyment, and this was vested under the deed. If the tax is imposed when enjoyment is perfected by actual possession, and this theory is carried to its logical conclusion, it would seem that, if during the administration of an estate delays occur, as they necessarily must, and if before actual distribution is made the rate of taxation is changed, a legacy would be taxed at the changed rate, which would appear to be a *reductio ad absurdum*."

In the cases from which we have quoted, as in most if not all the cases cited by the defendant, the statute under consideration was substantially similar to our own.

After a rather exhaustive examination of the authorities the Court feel constrained to hold that the transfers in question are not taxable under the laws of this state.

The Court are of the opinion, under the facts agreed upon and set out in the cases stated, and the law and statutes of Delaware in that behalf made and provided, that the said Pennsylvania

Company for Insurances on Lives and Granting Annuities, executor as aforesaid, the said defendant, is not bound and obliged to pay an inheritance tax upon the property covered by and passing under the said deed of trust. Judgment will be entered in favor of the defendant for the costs.