J. GILPIN HIGHFIELD, Register of Wills in and for New Castle County, in the State of Delaware, for the use of the State of Delaware, *v.* DELAWARE TRUST COMPANY, a corporation of the State of Delaware, Executor of the last Will and Testament of Annie Rogers du Pont, deceased, et al., GEORGE ZINN, MARION DU PONT SOMERVILLE, WILLIAM DU PONT, JR., ARTHUR C. HEMSLEY, WILLIAM H. DAWES, THEODORE B. ROGERS, 3RD, and GEORGE ZINN, JR.

(*May* 20, 1929.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*William H. Foulk* for the Register of Wills.

*James H. Hughes, Jr.,* for the Delaware Trust Company, executor, et al., William du Pont, Jr., Marion du Pont Somerville, and Delaware Trust Company, guardian of Theodore B. Rogers, 3rd.

*David J. Reinhardt, Sr.,* for Arthur G. Hemsley and William H. Dawes.

*George W. Lilly* for George Zinn and George Zinn, Jr.

Superior Court for New Castle County, No. 150, January Term, 1929.

PENNEWILL, C. J., delivering the opinion of the court:

It appears from the agreed facts that Annie Rogers du Pont, deceased, enjoyed the income for life from two trusts: one known as the "Rogers Trust," created by the Will of Theodore Rogers, father of the said Annie Rogers du Pont, and the other created by deed of settlement of William du Pont and known as the "du Pont Trust." Under her last Will and Testament the said Annie Rogers du Pont executed the power of appointment given her by the Rogers Will and the du Pont deed. It is not material how this power was

executed, that is, in whose favor it was exercised, because she had the right to dispose of the property as she pleased.

The real question in this case is, whether the property which passed by the appointment of Annie Rogers du Pont was subject to the inheritance and estate taxes attempted to be imposed by the Register of Wills.

The inheritance tax statute is found in *sections 146 to 152, inclusive, of the Revised Code, as amended by 29 Del. Laws, c. 7 and chapter 7, volume 35, of Laws of Delaware.*

It is unnecessary to quote at length from the statute because the action of the Register of Wills was undoubtedly based upon *section 111, of Chapter 6 of the Revised Code,* being *section 148 of the code,* in connection with *section 109 of said chapter 6* (being *section 146 of the Code), Section 111,* an estate valuation statute, provides that:

"The estate or interest of every person, body politic or corporate, in all real and personal property, taxable under the provisions of section 109 of this Chapter [six] whether in remainder, reversion or otherwise, or in trust or otherwise, or conditioned upon the happening of a contingency or dependent upon the exercise of a discretion, or subject to a power of appointment, or otherwise, and all annuities taxable as aforesaid, shall be valued by the Register of Wills for the purpose of determining the amount of tax to be collected from such person, body politic, or corporate, under the provisions of Sections 109 to 115, inclusive, of this Chapter."

*Section 109,* of said *chapter 6 of the Revised Code as amended by chapter 7,* § 1, *vol. 35, Laws of Delaware,* and so far as pertinent to the present case, is as follows:

"All property, real and personal, and every estate and interest therein, legal or equitable, belonging to any person who at the time of his death was a resident of the State of Delaware, and which passes by will or by the intestate laws of this State or by deed, grant, gift, or settlement (except in cases of a bona fide purchase for full consideration in money or money's worth) made in contemplation of death or intended to take effect in possession or enjoyment after the death of the grantor, donor, or settler to any person or persons, body politic, or corporate (whether resident or non-resident of this State) in trust or otherwise, shall be subject to the tax specified in this Section [*section* 109, *chapter* 6, *of the Revised Code*]."

This is the taxing statute, which provides that all property belonging to the decedent, a resident of this state, shall be subject to an inheritance tax.

The only statutory provision respecting property subject to a power of appointment is that contained in section 111 of chapter 6, the valuation statute above quoted.

The taxing statute, section 109 of chapter 6 being the only authority for the imposition of an inheritance tax, it is clear that the property taxed must belong to the deceased upon whose property the tax is sought to be imposed.

So that, the crucial and decisive question in this case is, whether the property the Register of Wills attempted to tax belonged to Annie Rogers du Pont at the time of her death. And that involves the question passed on by many courts in other jurisdictions, whether the donee of a power of appointment is the owner of the property that passes under such appointment.

The law on this subject has been nowhere better stated than in *Shattuck v. Burrage, 229 Mass.* 448-457, 118 *N. E.* 889, 890, wherein the court said:

"When a donor gives to another power of appointment over property, the donee of the power does not thereby become the owner of the property. The donee has no title whatever to the property. The power is simply a delegation to the donee of authority to act for the donor in the disposition of the latter's property. The appointee named by exercise of this delegated authority takes as recipient of the bounty of the donor and not as legatee of the donee."

In *Commonwealth v. Duffield*, 12 *Pa.* 277, Chief Justice Gibson, in considering power of appointment, used the following language:

"An appointee derives title immediately from the donor of the power, by the instrument in which it created; and consequently not under but paramount to the appointor, by whom it was executed."

In the *Harbeck* case, 161 *N. Y.* 211, 55 *N. E.* 850, 852, it was held that the power of appointment

"was not the authority by which the beneficiaries acquired the fund. The source of their title to the fund was the original will of John H. Harbeck, which went into effect in 1877; and into that instrument must be read the names of the appointees, although designated by a later instrument, for those who take under a power of appointment take as if their names were in the grant of the power."

It is useless to multiply quotations because the authorities are practically uniform in holding that property that passes

by appointment belongs to the donor of the power and not to the donee. It is sufficient to cite, without quoting, some of the many authorities in this country:

18 *A. L. R.* 1461, 1470, *note;* 21 *R. C. L.* 773; 26 *R. C. L.* 219; 4 *Kent. Com.* 335; 2 *Washburn Real Prop.* 820; *Walker v. Treasurer,* 221 *Mass.* 602, 109 *N. E.* 647; *Emmons v. Shaw,* 171 *Mass.* 410, 50 *N. E.* 1033; *Matter of Harbeck,* 161 *N. Y.* 211, 55 *N. E.* 850; *Manning v. Bd. of Tax Com'rs,* 46 *R. I.* 400, 127 *A.* 865; *Commonwealth v. Williams' Ex'rs,* 13 *Pa.* 29; *Minot v. Stevens,* 33 *L. R. A. (N. S.)* 237, *note; Genet v. Hunt,* 113 *N. Y.* 158, 21 *N. E.* 91; *Minot v. Paine,* 230 *Mass.* 514, 120 *N. E.* 167, 1 *A. L. R.* 365; *U. S. v. Field,* 255 *U. S.* 257, 41 *S. Ct.* 256, 65 *L. Ed.* 617, 18 *A. L. R.* 1461; *State v. U. S. Trust Co.,* 99 *Kan.* 841, 163 *P.* 156, *L. R. A.* 1917C, 975; *Fidelity Trust Co. v. McClain (C. C.),* 113 *F.* 152; *Lederer v. Pearce (C. C. A.),* 266 *F.* 497, 18 *A. L. R.* 1446.

It seems that some courts, particularly in Illinois, while adhering to the general rule, that property passing by appointment does not belong to the donee of the power, have held that equity will regard the property appointed as part of the donee's assets for the payment of his debts. This is conceded in the leading case of *U. S. v. Field,* 255 *U. S.* 257, 41 *S. Ct.* 256, 257, 65 *L. Ed.* 617, 18 *A. L. R.* 1461, wherein it was said:

"Applying the accepted canon that the provisions of such acts are not to be extended by implication * * * we are constrained to the view, * * * that the Revenue Act of 1916 did not impose an estate tax upon property passing under a testamentary execution of a general power of appointment. * * * The chief reliance of the government is upon the rule, well established in England and followed generally, but not universally, in this country, that where one has a general power of appointment either by deed or by will, and executes the power, equity will regard the property appointed as part of his assets for the payment of his creditors in preference to the claims of his voluntary appointees. * * * It is tacitly admitted that the rule obtains in Illinois, and we shall so assume. But the existence of the power does not of itself vest any estate in the donee. [citing many authorities] * * * Where the power is executed, creditors of the donee can lay claim to the appointed estate only to the extent that the donee's own estate is insufficient to satisfy their demands. * * * If there be no appointment, it [the property] goes according to the disposition of the donor. If there be an appointment to volunteers, then, subject to whatever charge creditors may have against it, it goes not to the next of kin or the legatees of the donee, but to his appointees under the power. * * * It [the statute] cannot, without undue laxity of construction, be made to cover a transfer resulting

from a testamentary execution by decedent of a power of appointment over property not his own. It would have been easy for Congress to express a purpose to tax property passing under a general power of appointment exercised by a decedent had such a purpose existed; and none was expressed in the act under consideration."

The same comment might be made with respect to the Delaware statute, in which no purpose is expressed to tax property passing under a power of appointment exercised by a decedent.

It needs no citation of authority to show that such purpose must be express, or at least clear, from the language of the statute. It cannot be implied by extending its provisions beyond the clear import of the language used. *English v. Crenshaw,* 120 *Tenn.* 531, 110 *S. W.* 210, 17 *L. R. A. (N. S.)* 753, 127 *Am. St. Rep.* 1025.

Our own court in *Brown v. Pennsylvania Company, Trustee for William H. Swift,* 2 *W. W. Harr.* (32 *Del.*) 525, 126 *A.* 715, 718, hereinafter referred to, said:

"That in case of doubt the law should be construed against the taxing power."

While, as already remarked, some courts have held that where one has a general power of appointment, and executes the power, equity will regard the property appointed as part of his assets for the payment of his creditors, in preference to the claims of his voluntary appointees, we have seen no case wherein such property has been regarded as legal assets of the estate, that is, legally belonging to the donee of the power, and, therefore, liable for inheritance taxes.

True, there are many states in which property passing by appointment, as in the present case, is subject to inheritance taxes, but it is because of statutory provisions that expressly and specifically make the passing, of transfer of such property taxable and not because it belongs to the donee of the power even though the power is general and is exercised by the donee. Statutes specifically taxing property passing under powers of appointment have been enacted in England and in many of the states, among others, New York, Massachusetts, Rhode Island and Wisconsin. Delaware, however, has no such statute.

The New York Statute (*Tax Law* [*Consol. Laws, c.* 60] § 220, *subd.* 4), provides as follows:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after the passage of this Act, such appointment when made shall be deemed a transfer taxable under the provisions of this Act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

See *In re Stewart,* 131 *N. Y.* 281, 30 *N. E.* 184, 14 *L. R. A.* 836.

The statute "does not attempt to impose a tax upon property, but upon the exercise of a power of appointment." *Matter of Delano,* 176 *N. Y.* 486, 68 *N. E.* 871, 872, 64 *L. R. A.* 279.

Such statutes impliedly recognize the fact that without them property passing by appointment does not belong to the donee of the power and cannot be taxed as part of his estate. The tax is imposed upon the exercise of the power, upon the transfer, and not upon the property.

We do not understand that counsel for the Register of Wills controverts the principle of law above expressed, but contends that it is not applicable to the two trusts involved in the present case on account of their exceptional character. He claims that they are exceptional because,

"In neither of these is there any limitation as to the persons or class of persons whom she may appoint. Neither of these possesses any possibility of a reversion to the original grantor or any power of revocation in him. Insofar as the original grantor in each is concerned, the gift is an absolute one. His estate can in no way benefit by anything which may be done in the future by his beneficiary. It, therefore, becomes necessary to determine where the title to the property is vested in order to ascertain who holds the absolute estate. This it would seem would be largely dependent upon the intention of the donor or the testator."

Counsel for the Register further argues that:

"The case at bar differs from the great majority of cases involving powers of appointment. These cases usually involve one of three situations. Either the property covered by the power vests in some specified person upon default of appointment or reverts to the estate of the donor by operation of law or by the specific terms of the instrument creating the power. There is in all these at least a contingent estate remaining in the donor a circumstance which does not exist in this case."

Because of these "exceptional" provisions in the instruments creating the trust under consideration, it is claimed that the Register of Wills was justified in treating the property which passed under the powers of appointment as the absolute property of Annie Rogers du Pont.

Counsel for the Register does not cite any authority in support of his position, and we are convinced that none can be found that recognizes the distinction sought to be made by him. He seems to think that whether the property that passes by appointment is or is not the property of the donee depends upon the extent of the power and the real intentions of the donor. In most of the cases we have examined the power of appointment was as broad and general as that contained in the trusts in question. The intention of the donor must in every case be gathered from the language of the instrument creating the trust. The law, as we understand it, is this:

Property that passes by appointment is the property of the donor of the power and does not belong to the donee. There is nothing in the creation of the trusts in question that takes them out of this general rule. We must conclude, therefore, that the property that passed by appointment of Annie Rogers du Pont did not belong to her and could not be taxed for inheritance tax purposes as belonging to her estate.

The phrase "subject to a power of appointment," contained in section 111 of chapter 6 of the Inheritance Tax law, may be somewhat confusing, but we think it merely provides the procedure for valuing decedent's estate for inheritance tax purposes. It adds nothing to the property taxable under section 109 of chapter 6, viz.: property belonging to the decedent. It may be referable to property of a decedent which has been transferred by him with a power of appointment.

We are unable to follow counsel for the Register in his final argument that even though the property that passed by appointment of Annie Rogers du Pont was not liable to the state inheritance tax, it was liable, with the rest of her estate, to the Federal Government tax, and, therefore, subject to Delaware estate

taxes. *Chapter 8, volume 35, Laws of Delaware* (152—*A*. Sec. 115—*A*), provides that

"In addition to the tax prescribed by Section 109 of this Chapter, there shall be a tax to be known as 'Delaware Estate Tax' on the estate of every person dying after the twenty-sixth day of February, 1926, and who at the time of his death was a resident of the State of Delaware provided such estate is in the class of estates that are subject under the laws of the United States to a Federal estate tax."

This statute was no doubt enacted to take advantage of certain provisions of the Federal Law providing for an estate tax, which law is found in 2 *Mason's U. S. Code, Annotated,* at *pp.* 1635 and 1636 (26 *U. S. C. A.* §§ 1092-1094).

We realize that the decision of this question is of great importance to the state. The Federal Government, which has the power to impose a tax upon the transfer of the net estate of a decedent, will impose an estate tax on the property that passed by the appointment of Annie Rogers du Pont, and no doubt will retain the entire amount if this state is without power to tax such property. If the state has such power, the government will credit the tax imposed with the amount of any tax actually paid to the state, not exceeding eighty per centum of the tax imposed. This credit would not amount to a very large sum in the present case, but in future cases of like character it might be very considerable. In view of this fact the Court have hoped their decision might sustain the estate tax and have sought diligently to find legal ground for so holding. Manifestly, the question we are considering will not be satisfactorily and definitely settled until decided by the Supreme Court of the State. If a writ of error should be taken that court would have a better opportunity to give the question the careful and thorough consideration its importance demands. And, moreover, the Supreme Court would have the benefit of full argument by counsel on this point, which was very meagerly argued in this court. After giving the question the best consideration possible, under the circumstances, we have reached the conclusion that the statute providing for an estate tax does not authorize the taxing of the property that passed by appointment in the present case.

It will be observed that, under the statute, the estate tax is in addition to the inheritance tax provided for by another statute. We have felt constrained to hold that the property in question was not subject to inheritance taxes, because it did not belong to the decedent, Annie Rogers du Pont, the donee of the power. The correctness of this holding was not strongly controverted by counsel for the Register of Wills. It will also be noted that the "estate tax" must be on the estate of the decedent. If, therefore, Annie Rogers du Pont was not the owner of the property appointed, if it did not belong to her, we are unable to see how it could constitute part of her estate. There would probably be no doubt about the question if it were not for the concluding words of the statute, viz.:

"provided such estate is in the class of estates that are subject under the laws of the United States to a Federal estate tax."

But this language does not mean that every kind or class of property that is subject to a Federal Estate Tax shall be subject to the Delaware Estate Tax. The Federal statute specifically taxes the transfer of the property, the Delaware law does not. The Delaware statute, in our opinion, means this: That in order to be subject to an estate tax by the state, it must be subject to such a tax by the Federal Government. And it must be such property as is subject to the Federal Estate Tax. We think the property in question constituted no part of the estate of Annie Rogers du Pont, the decedent, and that a tax cannot be imposed under the law of this state on property, as the estate of a deceased person when the property did not belong to the deceased and constituted no part of her estate. To warrant the imposition of a tax it must be clearly authorized by law. Any doubt must be resolved in favor of the taxable. We think the question is at the most an inference from rather than a clear intendment of, the language of the statute.

Counsel opposing the tax attempted to be imposed by the Register of Wills give an additional reason why the present taxing Act cannot apply to the property passing under the power of appointment in the Rogers will, viz.: The inheritance tax law in effect at the time the power was created was repealed, and the

present statute was passed thereafter. *State v. U. S. Trust Co.*, 99 *Kan.* 841, 163 *P.* 156, *L. R. A.* 1917C, 975; *Minot v. Stevens*, 207 *Mass.* 588, 93 *N. E.* 973, 33 *L. R. A. (N. S.)* 237; *Hill v. Treasurer and Receiver General*, 229 *Mass.* 474, 118 *N. E.* 891, *L. R. A.* 1918D, 339; 26 *R. C. L.* 219 and cases cited.

The general rule on this subject is expressed in 26 *R. C. L.* 219, as follows:

"It is well settled that an inheritance tax act in its usual form, imposing an excise on the passing of property by will or by the laws regulating intestate succession, does not apply to property passing by the exercise of a power of appointment after the enactment of the statute if the power itself was created prior to the enactment of the statute." See cases there cited.

In *Brown v. Pennsylvania Company for Insurance on Lives and Granting Annuities, Executor of William H. Swift*, reported in 2 *W. W. Harr. (32 Del.)* at 525, 126 *A.* 715, and relied on to show that there was no liability of the appointive estate known as the "Rogers Trust" to inheritance taxation, the court held that the property passing under the trust was not taxable under the Delaware Act as amended for the reason that the trust was created prior to the passage of the Act and the Act itself had no retroactive effect.

This point was not greatly stressed in the argument, perhaps for two reasons, (1) because it applied to but one of the trusts, and (2) because the insistence was on a point applicable to both trusts, viz.: That the property that passed by appointment of Annie Rogers du Pont did not belong to her and was not taxable as part of her estate.

This is a suit against the executor of Annie Rogers du Pont, the donee of the power. If the property sought to be taxed was not her property we fail to see how it can be legally taxed, or how there can be any recovery in this action by the Register of Wills.

The Court being of the opinion, under the facts aforesaid, and the law and statutes of the State of Delaware, in that behalf made and provided, that neither the said inheritance tax, nor an estate tax, is due and payable from said annuitants, beneficiaries and executor, judgment will be entered in favor of the defendants for the costs of this suit.

Judgment was duly entered for the defendants, in the Superior

Court, in accordance with the above opinion and a writ of error was subsequently taken thereon to the Supreme Court; said case being docketed in that court as No. 5, June Term, 1929. [See following case.]